THE WEST CHICAGO STREET RAILROAD COMPANY

v.

MINNIE D. PIPER.

*Filed at Ottawa January 19, 1897—Rehearing denied March 6, 1897.*

1. RAILROADS—*passenger injured by mutual negligence of railroad companies may sue either.* A passenger rightfully on a railway train, who, without negligence on his part, is injured by the mutual negligence of the servants of the company carrying him and the servants of a company with whom he has no contract, may maintain an action against either company.

2. RELEASE—*mere dismissal of suit against one joint tort feasor does not release others.* Where a suit is pending against several joint tort feasors, the dismissal of the suit against one will not bar the action against the others, in the absence of proof of release or accord and satisfaction.

*West Chicago Street Railroad Co.* v. *Piper,* 64 Ill. App. 605, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. HENRY V. FREEMAN, Judge, presiding.

This is an action brought by Minnie D. Piper to recover damages for personal injuries alleged to have been sustained through the negligence of the West Chicago Street Railroad Company on the 26th day of May, 1891. At the time of the accident plaintiff was riding westward on Madison street in a public conveyance known as a "carette," operated by the Russell Street Carette Company. At the corner of Madison and LaSalle streets the carette collided with one of the defendant's cars, and the plaintiff sustained the injuries complained of. On a trial before a jury the plaintiff's damages were assessed at the sum of $1100. The court entered judgment on the verdict, which, on appeal, was affirmed in the Appellate Court.

EGBERT JAMIESON, JOHN A. ROSE, and D. W. MUNN, for appellant.

HIRAM BLAISDELL, and JOHN F. WATERS, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

Two grounds are relied upon by the West Chicago Street Railroad Company to reverse the judgment of the Appellate Court: First, it is claimed that the court erred in giving the plaintiff's first and second instructions; and second, the court erred in its rulings on the admission of evidence.

The instructions complained of in substance directed the jury, that if they find, from the evidence, that the plaintiff was riding in the carette at the time of such collision, and if the jury further believe, from the evidence, that such collision occurred by reason of the mutual negligence of the servants in charge of both the carette and of said car, then the plaintiff may recover from either of said companies, and the plaintiff, Minnie D. Piper, would not be charged with the negligence of the persons in charge of the carette, provided the jury further believe, from the evidence, that the plaintiff herself was, at and before the time of such collision, in the exercise of such care and caution as an ordinarily prudent person would have exercised under the same or similar circumstances.

The question presented by these instructions arose in *Wabash, St. Louis and Pacific Railway Co.* v. *Shacklet,* 105 Ill. 364, and it was there fully considered and the authorities bearing on the question cited and reviewed, and after a full consideration it was held, that where a passenger on a railway train is injured by the mutual negligence of the servants of the company on whose train he is rightfully traveling and of the servants of another company with whom he has no contract, there being no fault or negligence on his part, he or his personal representatives may maintain an action against either company in default, and will not be restricted to an action against the carrier company on whose train he was traveling. That case is conclusive of the question raised, and as the

grounds upon which the decision of the question is predicated are fully stated in that case it will not be necessary to re-state them here.

In regard to the other question—the ruling of the court on the admission of evidence:   It appears that Minnie D. Piper, the plaintiff in this case, some time after receiving the injury complained of, brought an action for damages against the Russell Street Carette Company and the West Chicago Street Railroad Company, and it was admitted on the trial of this cause in the suit so brought, that a judgment was rendered against the carette company by default and a dismissal taken against the West Chicago Street Railroad Company, one of the defendants therein; that the court afterwards, on application of the Russell Street Carette Company, set the default aside and re-opened the case, and the judgment was vacated; that when the case was called for trial, by mistake the plaintiff did not appear, and there was a judgment for the defendant, and on stipulation between counsel it was set aside and the case re-instated and then dismissed on plaintiff's motion, and the carette company paid $100 to Mrs. Piper's attorney.   For the purpose of meeting or explaining the facts in regard to the payment of $100 to the plaintiff, the defendant called as a witness Willis G. Shockey, who testified as follows: "I am an attorney, and represented the American Employers' Liability Insurance Company last January and February. I was its adjuster.   As such adjuster I had charge of the case of Minnie D. Piper against the Russell Street Carette Company.   I had something to do with the case—not entire charge.   I had something to do with the adjustment of the case with the plaintiff's attorney."   The witness further testified: "The Russell Street Carette Company, through the insurance company, paid Mrs. Piper or her attorneys $100."   The witness was then asked what the money was paid for.   This was objected to, on the ground that at the time the money was paid Minnie D. Piper

executed a written contract or stipulation of some kind showing the arrangement between the parties. The paper was then in New York, and could not at the time be produced on the trial. The court refused to allow the witness to state the contents of the writing, but allowed him to state what the money was paid for.

Of course, parol evidence is not admissible to prove the contents of a written agreement unless the agreement has been lost or destroyed and cannot be produced. But we do not regard the ruling of the court as such a departure from the established rule as to be ground for reversing the judgment. It was proper to show the payment of a sum of money, and we think it might also be shown what the money was paid for without infringing on the rule forbidding parol evidence of the contents of a written contract. Moreover, the evidence was not of a character to injure the defendant. As will be remembered, the defendant had proved that $100 had been paid the plaintiff and she had dismissed the suit against the carette company. This did not constitute a defense to the action against the street railway company. A release to one of several joint tort feasors is a release to all, and an accord and satisfaction with one of them is a bar to an action against the others. But where there is a suit pending against several tort feasors the dismissal of the suit against one will not bar the action against the others. (*City of Chicago* v. *Babcock,* 143 Ill. 358.) Here no release was established nor was there any evidence of an accord and satisfaction. It was not enough for the defendant to prove merely a dismissal of the suit against the other tort feasor, but in order to make the defense availing it was required to go further and show a release of the other tort feasor. As this was not done, the evidence admitted against defendant's objection could do it no harm.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*