# Chicago & Alton Railroad Co. v. Sarah Scranton, Adm'x.

1. INSTRUCTION—*When the Question in Litigation is Close.*—Where the question at issue is a close one it is important that the instructions state the law accurately.

2. SAME—*As to What Constitutes Negligence.*—An instruction which tells the jury, as a matter of law, that certain facts constitute negligence, is erroneous.

Trespass on the Case, for personal injuries. Trial in the Circuit Court of Pike County; the Hon. THOMAS N. MEHAN, Judge, presiding. Verdict and judgment for plaintiff; appeal by defendant. Heard in this court at the May term, 1898. Reversed and remanded. Opinion filed October 5, 1898.

MATTHEWS & GRIGSBY, attorneys for appellant.

A. G. CRAWFORD and HESS & COLEY, attorneys for appellee.

MR. JUSTICE BURROUGHS delivered the opinion of the court.

This was an action on the case by the appellee to recover for the death of her intestate, alleged to have been caused by the negligence of the appellant. The negligence charged in the declaration was as follows: The first count of the declaration alleged that the appellant, while operating its train, killed and deposited a cow upon the approach to a public street railroad crossing, knowing the placing of the cow there would render the highway dangerous to travel, negligently left the same there, and that the team of horses of appellee's intestate became frightened at the dead cow and ran away, killing him, with averments of due care and caution on his part.

The second count averred it was the duty of the appellant to construct and maintain suitable and proper approaches where its railroad crosses the public street, and also to keep the street free from all obstructions upon the approaches of the crossing; and then averred the killing and depositing

of a cow on the street in question at or near such crossing by the appellant and leaving it there for five hours, with knowledge that it was an obstruction to public travel; and that by reason of the carelessness and negligence of the appellant in constructing said approaches, the team of horses of the deceased were frightened at the dead cow and ran away and killed the deceased without his fault and while he was using due care for his safety. The third count contained the additional averment that the appellant wrongfully placed upon the highway a dead cow and kept the same there during a portion of the night and day time, without placing any signal or notice at or near it, and in consequence thereof the team of horses of the deceased, passing along said street, became frightened at the dead cow, ran away and killed him, averring he was using care for his safety. The appellant interposed a plea of not guilty, upon which issue was joined and a trial by jury had, resulting in a verdict for the appellee for $3,000, upon which the court gave judgment. The appellant brings the case to this court by appeal and urges us to reverse the judgment on the grounds (1) that the court gave improper instructions at the request of the appellee; (2) that the court refused proper instructions requested by the appellant; (3) that the court wrongfully modified proper instructions requested by the appellant and, as modified, made them improper instructions and then gave them to the jury; and (4) that the verdict and judgment are contrary to the evidence.

The evidence showed that in the latter part of the night of January 7, 1891, or early on the morning of January 8, 1891, a dead cow was found upon the south approach to the crossing of a public street in the incorporated village of Nebo, in Pike county, Illinois, where the track of the appellant's railroad passes over said street, and it tended to show that the cow was killed there some time that night by a train passing on the railroad. The cow was lying on the west side of the approach to the crossing, some seven or eight feet from the railroad track, with her hind feet about two feet from the traveled part of the street and her front part

down over the embankment there. Between eight and nine o'clock on the morning of January 8, 1891, the deceased was going south along this street driving a team of horses hitched to the running gears of a wagon, he sitting on the hind axle and coupling pole. At the railroad crossing he met James Tuttle driving a team of mules hitched to a wagon; the mules were frightened and Tuttle was whipping them. The wagon track was narrow at this crossing and the two teams were close together in passing. When deceased's team passed over the railroad track and started down the south approach of the crossing they stopped; he slapped them with the lines and they ran away with him, and he was found a few moments later, several hundred feet distant from the crossing, lying in the street, dead. No one testified to seeing how he fell or was killed. At the close of the evidence offered by the appellee, the appellant submitted to the court a written instruction as follows: "The court instructs the jury, that under the law and the evidence in this case, you should find the defendant not guilty," and requested the same be given, but the request was denied and the instruction refused. The appellant offered no evidence. Counsel for the appellant urge with much force upon us, that in view of all the evidence this instruction should have been given, and it was such error to refuse it as ought to reverse the judgment, because there were no facts proven that tended to show that the appellant's servants had been guilty of any negligence in killing this cow, or had any actual notice that the cow was killed and deposited there by any passing train, or that the dead cow had been left there for a length of time long enough to imply notice and make out a case of negligence in not removing her before the deceased was killed.

We must confess, that under all the evidence as it appears in this record, it becomes a close question as to whether the instruction ought or ought not to have been given; but we have concluded, after a full consideration of the facts that were shown, that this case ought to be submitted to another jury, when, perhaps, some things that are now partially

obscured may be made plainer, and thus relieve the case of some of the difficulties presented now, and will make it clearer whether or not the appellant is liable to the appellee as charged in any count of her declaration.

It is very clear to us, that in view of the evidence, it was important that the jury should have been correctly instructed, and we find much in the instructions given and refused that was prejudicial to the appellant, and hence such error as compels us to reverse the judgment in this case.

The first instruction given at the request of the appellee was very lengthy, and so constructed as to render it obscure to the untrained mind of a juror, and well calculated to mislead the jury and operate to the prejudice of the appellant, since it was well calculated to influence the jury to believe that killing the cow by the appellant upon the public street crossing and permitting her to remain there for several hours was negligence *per se*. This instruction was improper and contains such prejudicial error as ought to reverse the judgment, as it violates the rule that an instruction which tells the jury, as a matter of law, that certain facts constitute negligence, is erroneous. Myers v. I. & St. L. Ry. Co., 113 Ill. 389. It was also obscure and well calculated to mislead the jury, as it left them to wander in a field of too much conjecture and indefiniteness, besides being poorly constructed, entirely too long and lacking in clearness. The second instruction given at the request of the appellee also contained most of the objections pointed out in the first and should have been refused on that account; and it was further faulty because it failed to inform the jury what circumstances must be shown in order to make it the duty of the appellant to remove the dead cow, and what must be shown to put the appellant in default in the performance of such duty. Under this instruction the jury might well have been led to believe that the appellant was guilty of actionable negligence if it caused the cow to be deposited upon the street, whether with or without fault, and left it there until deceased was injured, which is

not the law. As both of these instructions were to the effect that in case the jury believed from the evidence the facts set out therein, they should find for the appellee, it was necessary that they should each contain all the facts which the jury must find from the evidence that would justify such a verdict under the pleadings and the evidence. Pardridge v. Cutler, 168 Ill. 512. And since they did not set out all such facts they were both erroneous, and should not have been given.

The sixth instruction given at the instance of the appellee was as follows: " You are instructed by the court that it is not necessary that the agents or employes of the defendant should be notified if the said cow was killed by defendant and its agents and placed or deposited on the right of way of defendant and the public highway; it is sufficient if the defendant or its agents, exercising ordinary and reasonable care, should have known or would have known that said cow was so killed by the defendant or its agents, and deposited as alleged, and permitted to remain as alleged." This instruction was calculated to influence the jury to believe that there was no necessity of actual notice to charge the appellant with a duty to the deceased, and at the same time it failed to state to the jury the element of time so essential to justify an implication of notice, and for that reason contained prejudicial error and should not have been given.

The appellant requested the court to give the following instruction: " 6½. You are further instructed that in this case the burden is on the plaintiff to prove by a preponderance of the evidence that the death of the said Scranton was caused by the wrongful act, neglect or default of the defendant, and that the said Scranton was at the time exercising ordinary care for his own safety. And if you find from the evidence that, before reaching the body of the cow mentioned by the witness, the said Scranton was warned of his danger by the witness Turnbaugh, and that he, Scranton, could by the exercise of ordinary care, after receiving such warning, if he did receive such warning, have avoided the danger, but neglected to do so, and that such neglect on

C. & A. R. R. Co. v. Scranton.

his part, if it is shown, contributed to the accident which caused his death, then and in that case the plaintiff is not entitled to recover and you should find for the defendant." The court refused to give the instruction as requested, but changed the same by striking out the words "contributed to" and inserted in lieu thereof the word "caused."

The instruction as requested was very questionable as to its correctness and aptness under the evidence, and for that reason it was not error to refuse it as requested, but when changed by the court and then given to the jury as it was, the court committed error prejudicial to the appellant, since by it, as changed and given, the jury were told that if the deceased was guilty of the acts stated in the instruction, which acts amounted to want of ordinary care on his part, yet to defeat a recovery they must further believe from the evidence that this want of ordinary care caused his injury. The law only required the jury to find, from the evidence, that the deceased was not in the exercise of ordinary care for his own safety when he was injured, to defeat a recovery. Stearns v. Reidy, 18 Ill. App. 587.

The appellant requested the court to give the following instruction: "10. In determining whether the defendant failed to remove the body of the cow from the vicinity of its tracks in a reasonable time, you have a right to take into consideration the time of day the body of the cow was placed there, the time when the accident to said Scranton occurred, if such times are shown by the evidence, and whether or not the defendant had notice of the fact that the body of the cow was deposited at the place mentioned, and all the other facts and circumstances shown by the evidence in the case," which the court refused. As the instruction under the evidence was proper, it ought to have been given.

For the errors indicated, we reverse the judgment of the Circuit Court of Pike County in this case, and remand it to that court for a new trial. Reversed and remanded.