Chicago and Eastern Illinois Railroad Company

*v.*

Robert Hines.

*Opinion filed December 18, 1899—Rehearing denied February 15, 1900.*

Railroads—*effect of negligence of street car employees in contributing to collision at crossing.* The negligence of servants in charge of a street car in permitting the car to break through the gates at a railroad crossing and run upon the track, where it was struck by an engine, does not relieve the railroad company from liability where the collision would have been avoided had the engine not been running at unlawful speed.

*C. & E. I. R. R. Co.* v. *Hines*, 82 Ill. App. 488, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. S. C. STOUGH, Judge, presiding.

W. H. LYFORD, and S. A. LYNDE, for appellant.

WILLIAM S. FORREST, B. C. BACHRACH, and BENSON LANDON, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

The appellee, Robert Hines, recovered a judgment in the superior court of Cook county against the appellant railroad company for a personal injury. Appellant, at the time of the injury, was running a passenger train southward from Chicago on its track and right of way, which crossed One Hundred and Third street at right angles. Hines was at the time a passenger on a street car of the Calumet Electric Street Railway Company, which car was running east on its track on One Hundred and Third street, and when it had reached and was upon the crossing of appellant's railroad the passenger train running southward struck it, knocked the car to pieces and greatly injured Hines. Certain witnesses testified that the train was at the time running at a speed from fifty to sixty miles an hour, and the engineer testified that it was running at the uniform rate of thirty miles an hour. Certain witnesses testified that the street car was running from six to ten miles an hour, and others from ten to fifteen miles an hour. Appellant had gates at the crossing and a keeper to operate them. This keeper had let the gates down before the near approach of the street car or the passenger train, and was at the time also ringing his bell. For some reason unexplained, and perhaps immaterial, those in charge of the street car paid no attention to the gates or bell, but allowed the car to crash through the gates and pass onto the crossing, where it was struck midway between the center and for-

ward end of the car by the engine drawing the train. The engineer was looking out from the right side of the engine and could not see the car until at the moment of collision, and from the left side the view of the approach of the street car was obstructed by buildings on the east side of the railroad. The fireman saw the car as it struck the gates thirty or forty feet east of the railroad crossing, and when the engine was from eighty to one hundred feet north of the crossing. The suit is against appellant alone, and the declaration charged that the injury was caused by the negligence of appellant in running its train at a high and prohibited rate of speed. A section of an ordinance of Chicago was given in evidence which prohibited the running of engines and trains within its limits at a higher rate of speed than ten miles an hour.

The assignment of error chiefly pressed upon our attention is that the trial court erred in not instructing the jury to find the defendant not guilty. It is insisted that the evidence clearly showed that the injury was caused by the negligence of the servants of the street car company, and that the negligence of appellant in running its train at the high and prohibited rate of speed established by the evidence was not the proximate cause of the injury. It is not contended that Hines, the appellee, who was riding on the car as a passenger, was guilty of contributory negligence. The evidence was sufficient to establish the conclusion of fact that the injury was the result of the combined negligence of the servants of the street railway company in charge of the car and of the servants of appellant in charge of its engine and train. There was sufficient evidence for the jury to find that, notwithstanding the negligence of the men in charge of the street car in running upon the crossing when the gates were down, the car would have passed safely over after it was seen by the fireman, if the engine and train had not been running at a speed exceeding ten miles an hour.

Controverted questions of fact not being open to us for review, we must, in support of the verdict, assume all that the evidence most favorable to appellee fairly tends to prove, though it be against the weight of the evidence. (*Offutt* v. *World's Columbian Exposition*, 175 Ill. 472.) The mere fact that the injury would not have happened but for the negligence of the employees of the street railway company is not sufficient to exonerate appellant, for if Hines was injured by the combined negligence of both companies he can maintain an action against either. (*West Chicago Street Railroad Co.* v. *Piper*, 165 Ill. 325.) Appellee was not himself in fault or guilty of negligence in being upon the public crossing, and the jury having found, as we must assume, that he would have gotten or been carried out of the way of the train but for the high and unlawful speed at which it was running, it follows that they must have found, and were warranted in finding, as a question of fact, that the negligence of appellant in so running its train was the proximate cause of the injury. Such a question is one of fact and is so conceded. (*Fent* v. *Toledo, Peoria and Warsaw Railway Co.* 59 Ill. 349; *Pullman Palace Car Co.* v. *Laack*, 143 id. 242.) The statute provides that "whenever any railroad corporation shall, by itself or agents, run any train, locomotive engine, or car, at a greater rate of speed in or through the incorporated limits of any city, town or village, than is permitted by any ordinance of such city, town or village, such corporation shall be liable to the person aggrieved for all damages done the person or property by such train, locomotive engine or car; and the same shall be presumed to have been done by the negligence of said corporation." (Rev. Stat. chap. 114, par. 62.)

It is also argued that the court erred in giving certain instructions at the request of the plaintiff, but we find no substantial error in them.

The judgment must be affirmed.

*Judgment affirmed.*