## Benson Landon, Adm., v. Chicago & G. T. Ry. Co.

1. RAILROADS — *Rate of Speed Depends upon Circumstances.*— Whether the rate of speed which a railroad train is running in approaching a highway crossing is or is not negligence, depends wholly upon the circumstances existing at the time in question and with respect to the crossing itself.

2. SAME—*Speed of Trains Where Not Regulated by Law.*—Where the speed of trains is not regulated by law, railroad companies may adopt such a rate as they choose, provided the rate adopted does not endanger the safety of passengers, or of persons who may have occasion to cross their tracks in the public highways.

3. INSTRUCTIONS—*Omission of Elements of Negligence Charged.*—In an action against a railroad company for negligence in causing the death

of a person riding in an omnibus upon a highway approaching a railroad crossing, an instruction which omits any of the elements of negligence and precludes a recovery if the driver of the omnibus was negligent, although the negligence of the railroad company in an equal measure contributed to the injury, is erroneous.

4.   SAME—*As to What Amounts to Negligence.*—An instruction which in effect tells the jury that certain specified acts amounted to negligence is erroneous.   The question as to whether such acts amounted to negligence should have been left to the jury.

5.   NEGLIGENCE—*Of the Driver of an Omnibus Not to be Imputed to His Passengers.*—The negligence of the driver of an omnibus upon the highway approaching a railroad crossing, is not to be imputed to the passengers in the omnibus.

**Trespass on the Case.**—Death from negligent act.   Appeal from the Superior Court of Cook County.   Heard in this court at the March term, 1900.   Reversed and remanded.   Opinion filed November 22, 1900.

**Statement.**—Appellant, administrator of the estate of Max Bochmann, deceased, brought suit against appellee in the Superior Court to recover damages for the alleged negligence of appellee, which, it is charged, caused the death of Bochmann.

A trial before the court and a jury resulted in a verdict for appellee, and a judgment thereon against appellant for costs, from which this appeal is taken.

The declaration, composed of two counts, charges the defendant in the first count with negligence, in that it so carelessly and improperly drove and managed its locomotive engine and train that by and through the careless and improper conduct of defendant's servants said engine and train ran and struck with great force and violence upon and against a certain wagon in which said Bochmann was riding, at the crossing of appellee's railroad and a public highway known as Western avenue; and in the second count the charge of negligence is that appellee drove its engine upon its railroad upon and across said highway at the crossing of the same and the railroad, "and in so doing no bell of at least thirty pounds weight, or steam whistle placed in said locomotive engine, was rung or whistled at the distance of at least eighty rods from the said crossing

and kept ringing and whistling until the said crossing was reached by the said locomotive engine, but therein the defendant wholly failed and made default, contrary to the statute," etc.

There is a conflict in the evidence as to whether a bell was rung or a whistle blown as the train approached the crossing in question, and it is conceded for appellee that the train was going about forty miles an hour at that time, one of the witnesses placing its speed as high as forty-five miles per hour.

Among other instructions given for appellee were the following :

" A.    The sole purpose for which signals are required to be given upon a train as it approaches a public crossing, is to give warning to the public of the approach of said train to said crossing, and to keep off of said crossing until such train shall have passed over it; and if they shall find from the evidence that the driver of this vehicle in fact knew that the train was coming, and started up his horses as he approached near said crossing for the purpose of attempting to get over the tracks before the train would reach the said crossing, then they are instructed that it is immaterial in this case whether the bell was ringing upon said engine or not, and that the plaintiff can not in any event recover."

" B.    The jury are instructed that under the evidence the plaintiff can not recover upon the first count of his declaration in this case."

" C.    The evidence shows and it is admitted that Western avenue, at the point where the accident occurred, was not, at the time of the accident, within the limits of any city or village; and you are instructed as a matter of law that there was no restriction by law imposed upon the defendant as to the rate of speed at which it should run its train at that point, but that it was only bound to use due and reasonable care for the safety of its passengers in the running of its train, and to give warning of the approach of its train to said crossing by the ringing of a bell upon its engine from a point of at least eighty rods to the east of said crossing, up to the said crossing."

" D.    If the jury shall find from the evidence that as the vehicle in which the plaintiff's intestate was riding approached the crossing in question, the defendant's track was in plain sight, and there was nothing to obstruct the view

Landon v. C. & G. T. Ry. Co.

or prevent the driver of said vehicle from seeing the defendant's train for a long distance as it approached said crossing, that said train was lighted both with headlight in front of the engine and with lights in its cars, and was a conspicuous object and could be readily seen from a distance, and that Sauerbier, the driver, was in such a position on the seat of his wagon that he must have seen the train before he reached this track, and that when he tried to cross over said track in front of said train, he must have known that the train was approaching, and if the jury shall find from the evidence that his act in trying to cross in front of said train was the proximate cause of the accident, then their verdict must be for the defendant.

W. S. Forrest and B. C. Bachrach, attorneys for appellant.

S. A. Lynde, attorney for appellee.

Mr. Justice Windes delivered the opinion of the court.

Appellant claims that the court erred in giving each of the instructions quoted in the statement, and that because of such error the judgment should be reversed, while, for appellee, it is said there could be no recovery under the evidence on the first count of the declaration, that there was no material error in either of the instructions "A," "C" and "D" complained of, and that under the evidence it was conclusively established that the bell was ringing and the whistle was sounded for the crossing in question, and that no other verdict could reasonably have been reached than that rendered by the jury.

By instruction "B" all right of recovery under the first count is precluded. If the evidence tended to show that the train was operated at a negligent rate of speed, then this instruction should not have been given. As we have seen, it appears that the rate of speed was from about forty to forty-five miles per hour; one of the witnesses says it was "running fast;" and besides, the evidence shows that Western avenue, the highway upon which the wagon or bus was proceeding, though outside the corporate limits of any town

or city, was a much traveled way, it being the main road between the village of Harvey and the city of Blue Island, which were about three miles apart, the latter place having between 6,000 and 7,000 inhabitants; that the community surrounding was comparatively well settled, there being twenty-eight houses in the neighborhood of the crossing; that the weather was cold, and that plaintiff's intestate and seven other persons with him were riding inside of the wagon or bus, the door and windows of which were closed. The train was late about seven minutes. There were no gates, flagman or switchman at the crossing. Under all these circumstances we think it can not be said, as a matter of law, that the rate of speed of appellee's train was not negligent. Whether or not it was negligent should have been submitted to the jury, and had the jury found that appellee was guilty of negligence, the question would then be presented as to whether the evidence supported such finding.

It has been said, in substance, by the Supreme Court, that railway companies, when not prohibited by municipal regulations, may adopt such rate of speed in the operation of their trains as they think best, provided always it is reasonably safe to the passengers being carried. We think, however, that where this rule has been declared, it will be found either that what was said was not strictly necessary to a decision of the case, or the court had under consideration the liability of the railroad company to the passenger, and not its liability to third persons having occasion to cross its tracks. R. R. Co. v. Lee, 68 Ill. 582; R. R. Co. v. Lewis, 145 Ill. 73.

Indeed, counsel for appellee, in his brief, while relying upon the foregoing authorities as establishing that in the case at bar there was no negligence by reason of the rate of speed, seems to concede that the law is that whether the rate of speed which a train is running in approaching a highway crossing is negligent or not, depends wholly upon the circumstances existing at the time in question, and with respect to the crossing itself.

In the case of R. R. Co. v. Odum, 156 Ill. 78–83, affirming 52 Ill. App. 521, where the court had under consideration the liability of the railroad company for an injury caused at a highway crossing outside the corporate limits of the town of Marion, when the train was going thirty miles per hour, the court say :

" Outside of incorporated towns and cities the speed of trains has not been regulated by law, and in the absence of a law regulating the speed, railroad companies may adopt such rate of speed as they choose, provided the rate of speed adopted does not endanger the safety of passengers or endanger the safety of persons who may have occasion to cross the tracks in the public highways."

In the recent case of Overtoom v. R. R. Co., 181 Ill. 323, where the court had under consideration the liability of the railroad company to a person injured at a street crossing within corporate limits, it was held that whether or not the rate of speed of the train was negligent depended upon the extent and frequency of the use of the crossing by the public; that the railroad company was charged with knowledge of the extent of such use and the consequent danger of running its trains over the same at a high and unusual rate of speed, and that it was its duty to regulate the speed of the train with due regard to the safety of those having occasion to use the street.

The court say in Ry. Co. v. Henks, 91 Ill. 406–12:

" There can be no doubt that railroad companies in cities and thoroughfares, where there is reason to suppose persons will be, are under a legal obligation to regard the safety of such persons. They must conduct their trains and regulate their speed with reference to the safety of the public at such places, or be liable for damages resulting from such negligence or willfulness."

The injury was within the corporate limits of the city of Springfield, where the ordinance limited the speed to not exceeding ten miles per hour, and the court held that a speed, even if it did not exceed ten miles per hour, though under the circumstances shown it was dangerous, would be negligent, and say that the railway company " must conform the rate to the safety of the public at all places in the

city where persons have an equal right to travel as the company have to run their trains."

To a like effect are the following cases, all being injuries at highway crossings. outside corporate limits, viz: I. C. R. R. Co. v. Slater, 129 Ill. 96; I. & St. L. R. R. Co. v. Stables, 62 Ill. 313–17; R. R. Co. v. Hillmer, 72 Ill. 235–9; R. R. Co. v. Lee, Admx., 87 Ill. 454–8.

The last case is the third appeal of the Lee case, *supra*, 68 Ill. 582; one of the grounds on which the judgment in favor of the appellee was affirmed was that the train ran at a " fearful rate of speed "—what speed the report does not show—and the court held it was for the jury to say whether there was negligence.

We see no reason why a different rule of law as to the speed of trains, aside from the matter of municipal regulations, should be applied to highway crossings of railways outside the limits of an incorporated town or city, than within such limits, provided the circumstances relating to the frequency of its use by the people, obstructions to view surrounding, or other matters which would make a high rate of speed in running trains likely to be a source of great danger to numerous people having occasion to use such crossings. It is common knowledge that many railway crossings outside corporate limits, by reason of peculiar surroundings, are more dangerous than some crossings within corporate limits. We think that each case should be judged by its own peculiar circumstances, and while in very many cases, whether or not a high rate of speed is negligent may be a question to be decided by the court, we think the facts here presented should in the first instance have been submitted to the jury.

Instruction "A" is, in our opinion, erroneous, in that it tells the jury that if the driver knew that the train was coming, and started up his horses for the purpose of getting over the tracks before the train reached the crossing, then it was immaterial whether the bell was ringing in the engine or not. The negligence of the driver can not be imputed to appellee, and therefore it can not be said that

it was immaterial whether the bell was ringing or not. Had the bell been ringing it might have been that appellee's intestate, or some one of the seven other persons in the bus, might have heard it in time for him either to have escaped the collision by leaving the bus or by prevailing upon the driver not to attempt to cross the tracks. The evidence shows there was a hole six by ten inches in the front of the bus, through which fares could be passed to the driver, and the bus had canvas at the sides which was buckled down. The passengers might therefore have heard the bell or whistle as easily as the driver on the outside. It also appears there was no noise or loud talking inside the bus, and the persons inside were thus certainly as favorably situated for hearing the bell or whistle as any of the witnesses for appellee, except the fireman.

As has been stated, there is a conflict in the evidence as to whether the bell was rung, and it would have been quite reasonable that the jury should, under this instruction, have wholly disregarded the evidence upon that point, which will be more particularly considered hereafter.

This instruction is also erroneous because it omitted the element of the negligence charged against appellant, and precludes the plaintiff's recovery if the driver was negligent, although the negligence of the railway company may have in equal measure contributed to the injury. Pullman, etc., Co. v. Laack, 143 Ill. 243–61; R. R. Co. v. Hines, 183 Ill. 482; and Ry. Co. v. Piper, 165 Ill. 325.

Instruction " D " is also calculated to mislead the jury, in that it tells the jury, in effect, that if the negligence of the driver of the bus was the proximate cause of the accident, it should be imputed to the deceased, and there could be no recovery. The negligence of the driver can not be imputed to the deceased, and the court so charged in its first instruction for appellant. Ry. Co. v. Smith, 69 Ill. App. 71; W. St. L. & P. Ry. Co. v. Shacklet, 105 Ill. 364–74; C. & E. I. R. R. Co. v. Hines, 82 Ill. App. 488–91; W. C. St. R. R. Co. v. Piper, 165 Ill. 325.

While the negligence of the driver may in a certain sense

have been the proximate cause of the injury (and as to
what is a proximate cause the jury was not told by any
instruction), the claim is that the appellee was negligent as
to the rate of speed at which the train was run, and in fail-
ing to ring a bell or sound a whistle. If this latter negli-
gence was also a proximate or concurring and efficient cause
of the accident, which the evidence tends to show, then
appellee would be liable, the other necessary proof being
made, notwithstanding the negligence of the driver may
have contributed to the injury. It is sufficient if the com-
bined negligence of the driver and appellee caused the
accident, and that of the latter was an efficient cause with-
out which the injury would not have resulted, the deceased
having been in the exercise of ordinary care. Pullman, etc.,
Co. v. Laack, 143 Ill. 243–61; R. R. Co. v. Hines, 183 Ill. 482;
R. R. Co. v. Dudgeon, 83 Ill. App. 528, and affirmed, 184 Ill.
477–87; American Ex. Co. v. Risley, 179 Ill. 295–8.

Moreover, instruction " D " is erroneous for the reason
that it in effect tells the jury that certain specified acts of
the driver amounted to negligence. Whether or not these
acts referred to by the instruction were negligent, should
have been left to the jury. Meyers v. Ry. Co., 113 Ill. 389;
R. R. Co. v. Griffin, 184 Ill. 10–16; R. R. Co. v. Smith, 180
Ill. 453–5, affirming 77 Ill. App. 492; R. R. Co. v. Scranton,
78 Ill. App. 230–3.

In the Smith case, *supra*, the Supreme Court held that
it was not negligence *per se* for a person to attempt to cross
a railway track in front of an approaching train 1,200 feet
away and in full view, and going at thirty-five to forty miles
per hour.

Instruction " C " is erroneous because it, in effect, tells
the jury that if appellee gave warning of the approach of
its train to the crossing, there was no liability, however great
the rate of speed at which the train was run, so that the
peril to passengers thereon was not increased. (See author-
ities above cited as to speed.)

It is, however, said that it was conclusively established
that the bell was ringing and the whistle was sounded for

the crossing, and that because the railway tracks in the direction from which the train approached were plainly visible for quite a long distance to any one on Western avenue approaching the tracks from the south, that the train was lighted and the headlight on the engine burning, the jury could not have reached any other verdict than that of not guilty.

As to whether the bell was rung or the whistle sounded, there is quite a sharp conflict in the evidence. Two witnesses for appellant who were in a position to have heard the bell and whistle, one the driver of the bus and the other, Shattuck, who was three hundred feet south from the tracks on Western avenue, and who says he saw the train coming for half a mile down the track, are both positive that no bell was rung or whistle sounded. Three other witnesses for appellant, one of them, Rogers, a passenger in the bus, and the other two, Rohwedder, who says he heard the crash, and Cristy, who was four hundred and fifty feet west of the crossing and saw the train approaching, all testify that they heard no bell rung nor whistle sounded. The only witness for appellee who testified on this subject who was not inside a car of the train in which the doors and windows were closed (it being a cold night), was Brooks, the fireman, who testified positively that the bell was rung and the whistle sounded. The baggageman, Cargile, who testified to the same effect, said on cross-examination that although he was in the baggage car, the door of which was closed at the time of the accident, he did not hear the crash, though he heard the whistle before the collision. The Parmelee agent, Brach, who was in the smoker, testified that he heard the bell and whistle, but did not hear the crash of the collision. Rohwedder, for appellant, who was in a saloon four hundred feet west of the crossing, with doors closed, playing cards, testified that he did not hear any bell or whistle, but heard the crash and ran to the scene of the accident. In view of this sharp conflict we can not say that the jury could not have reasonably found that the bell was not rung nor the whistle sounded.

226   .   APPELLATE COURTS OF ILLINOIS.

What has been said in reference to the speed of the train and as to whether the negligence of appellee was a concurring cause of the accident or not, we think disposes of the remaining part of appellee's claim in support of the verdict.

Because of the errors in the instructions quoted, the judgment is reversed and the cause remanded.