## Chicago and Northwestern Railway Company v. George B. Jamieson, Admr.

### Gen. No. 11,137.

1. CONTRIBUTORY NEGLIGENCE—*when, cannot be imputed to a minor.* A child of the age of six years and ten months cannot be charged with contributory negligence.

2. REOPEN CASE—*right to review refusal of court to.* The refusal of the court to reopen a case after the evidence upon both sides has been closed and to permit the introduction of further testimony, is not subject to review upon appeal.

3. INSTRUCTION—*when, improper.* An instruction which tells the jury that if they believe certain facts then the law raises a presumption of negligence (standing alone), is misleading in not stating that such presumption was not absolute but might be rebutted.

4. INSTRUCTIONS—*how to be read.* Instructions are to be read as one entire charge, and the omissions of one instruction may be supplied by the contents of another.

5. INSTRUCTION—*particular modifications of, held not improper.* The modifications of several instructions set forth and referred to in the case consisted of the insertion in one of the word "sole" and in the other of the words "of itself alone"; held, not improper.

6. EXCESSIVE SPEED—*presumption of negligence which arises from.* The presumption of negligence which arises from the fact that at the time of an accident the defendant's train was running at an unlawful and excessive rate of speed, is merely *prima facie* and subject to be rebutted.

Action on the case for death caused by alleged wrongful act. Appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding. Heard in this court at the March term, 1903. Affirmed. Opinion filed February 8, 1904.

S. A. LYNDE, for appellant; A. W. PULVER and LLOYD W. BOWERS, of counsel.

McCLELLAN & SPENCER, for appellee.

MR. PRESIDING JUSTICE ADAMS delivered the opinion of the court.

Appellee, as the administrator of George G. Jamieson, deceased, recovered judgment against appellant for the sum of $800, in an action on the case for causing, by negligence, the death of appellee's intestate.

The declaration contains three counts, but the court instructed the jury that there could be no recovery under either of the first and second counts. In the third count an ordinance of the city of Chicago, which limits the rate of speed of railroad passenger trains within said city to ten miles per hour, is pleaded, and it is averred that the defendant negligently ran a passenger train along its railroad track within the corporate limits of the city, and across Austin avenue, a public street, where the accident occurred, at a rate of speed greater than ten miles per hour, to-wit, at the rate of thirty miles per hour, etc. The appellant pleaded not guilty.

Austin avenue is a north and south street, the center line of which, at its intersection with appellant's railway tracks, is the western boundary of the city of Chicago. Appellant has two tracks running east and west across the avenue. The accident occurred south of and close to the south rail of the south track, and a little east of the center line of the avenue. At the time of the accident gates were maintained

by the company which, when down, extended clear across the avenue on both the north and south sides of the railway tracks. A gateman was at the intersection at the time of the accident, who lowered both gates before the deceased went on the crossing, as hereafter mentioned. The gates are operated by levers inside the gateman's house, which is situated a little east of the east sidewalk of the avenue. There are woven wire fences about six feet high on both sides of appellant's tracks, except at street or road crossings, both east and west of Austin avenue. The tracks of the Lake Street Elevated Railroad Company cross Austin avenue a short distance south of where the south fence would be if extended across the street. These tracks are parallel with appellant's tracks.

The accident occurred between nine and ten o'clock in the morning of July 15, 1901. The deceased, George G. Jamieson, was then six years and ten months old. He had been going to school about one year; his hearing and eyesight were good. He was of average size for his age and had been cautioned by his mother against playing about or passing over the tracks, and had also been so cautioned by the gateman. On the morning mentioned he had been playing with some other children near the elevated railway south of appellant's tracks. He started from the elevated railway, walking north on the east sidewalk of Austin avenue, and when he came near to the south gate, which was down across the street, he left the sidewalk and walked northwest, went under the gate and close to the south rail of the south track just as a west-bound train came along, and was struck in the head by the driving rod of the engine and killed. Before the west-bound train on the south track struck the boy, an east-bound train had just passed the crossing on the north track. As the east-bound train passed the crossing, the west-bound train had about reached the east sidewalk of the street, and about that time the deceased went under the gate and approached the track. The gateman, when he saw the east-bound train approaching, lowered the gates, and then stood outside the gate house

facing west or northwest, ringing a bell, and when he saw
the boy, after he passed under the gate, he hallooed to him,
and told him to stop, but, apparently, the boy did not hear
him.   At the same time the bell on the engine of the west-
bound train was ringing.   The evidence shows conclusively
that no negligence can be attributed to appellant unless it
be the operating the train at a prohibited rate of speed:  The
engineer of the train, called as a witness by appellee, testi-
fied that when the engine struck the deceased the speed of
the train was between twenty and twenty-five miles per
hour.   Appellant's counsel contend that the conduct of the
deceased in passing under the gate, and approaching so
near to the track as he did, was the proximate cause of the
accident.   It is true that if the deceased had not thus acted,
he would not have been struck by the driving rod of the
engine; but, on the other hand, he had started to cross the
track, and was attempting so to do, and if the train had
been running at the rate of ten miles per hour, the maxi-
mum limit of speed allowed by the ordinance, it may rea-
sonably be inferred that the deceased would have been
across the tracks and out of danger before the arrival of
the train.   The deceased, as before stated, was only six
years and ten months of age at the time of the accident.
Therefore, contributory negligence cannot be ascribed to
him, and we do not understand appellant's counsel to con-
tend the contrary, but merely that his being where he was
when struck was the proximate cause of the accident.   In
C. & E. Ill. R. R. Co. v. Hines, 183 Ill. 482, the plaintiff was
injured by the collision of a passenger train of the railroad
company with a street railway car on which the plaintiff was
a passenger, at the intersection of the railroad company's
tracks with the street car company's tracks.  The train of the
railroad company was being run, as the plaintiff's witnesses
testified, at from thirty to sixty miles per hour.   A city or-
dinance prohibited a greater rate of speed than ten miles
per hour at the place of the collision.  Before the street car
or the passenger train reached the crossing the gateman let
down the gates across the street, and commenced to ring

his bell. Those in charge of the street car paid no attention to either gates or bell, "but allowed the car to crash through the gates and onto the crossing," when the collision occurred. It was urged by counsel for the railroad company "that the evidence clearly showed that the injury was caused by the negligence of the servants of the street car company," in respect to which the court, among other things, said: "There was sufficient evidence for the jury to find that, notwithstanding the negligence of the men in charge of the street car in running upon the crossing when the gates were down, the car would have passed safely over after it was seen by the fireman, if the engine and train had not been running at a speed exceeding ten miles an hour." Ib. 484. Another passenger on the same street car suffered in the same collision and recovered judgment against the railroad company. The court, on appeal, said: "The jury were justified in finding that had appellant's train only been running at the permitted rate of ten miles, instead of at the prohibited rate of fifty or sixty miles per hour, it might have been stopped, or substantially stopped, before it struck the electric car, as at the time the electric car crashed through the gate it was seen by the fireman upon the engine. The engine at that time was about 100 feet north of the crossing." C. & E. Ill. R. R. Co. v. Mochell, 193 Ill. 208.

Appellant's counsel offered in evidence sections 1748, 1749 and 1754 of the Revised Ordinances of the city of Chicago. The first three sections mentioned provide that in the third district defined in section 1748, and which appellant's counsel claim includes the place of the accident, passenger trains may, on the performance of certain conditions precedent, be operated at the rate of thirty miles per hour. After the appellant had closed its evidence and rested, and after it had moved the court to exclude all the evidence from the jury and to instruct the jury to find the defendant not guilty, and after the court had instructed the jury that there could be no recovery under the first and second counts of the declaration, the court adjourned

until another day. On the opening of the court, in pursuance of said adjournment, appellant asked the court for permission to introduce evidence which appellant claims tended to prove that it had fulfilled the conditions precedent, entitling it to operate its trains at the place of the accident at the rate of thirty miles per hour.. The court refused to admit the evidence. It was a matter within the discretion of the court to allow or disallow the admission of the evidence, at the time it was offered, and the decision of the court excluding it is not reviewable. Hartrich v. Hawes, 202 Ill. 334, 343.

Appellant's counsel say that the court erred. in refusing each of four instructions asked by appellant, which counsel refer to as a, b, c and d. We find no instructions in the abstract or record so marked or numbered in any manner; but counsel refer us to pages 36, 37 and 38 of the abstract. The objection urged to the instructions on the pages of the abstract mentioned, is that they contain, in various forms, the proposition that, if the jury should find that the act of the child, in going onto the crossing and getting so near to the track that he was struck by the side of the engine, was the direct proximate cause of the accident, the defendant could not be held liable, and that no instruction was given which clearly stated this rule. Modified instruction, ab. marg. p. 149, hereinafter quoted, is a complete answer to this objection.

Modified instruction, abs. marg. p. 148, contains the following language: "And, in determining this question, it is the duty of the jury to arrive at their verdict solely with reference to the evidence, and not from any speculation on their part, and to determine from the evidence what was the cause of the body being struck, and whether the cause of his being struck was his own act, in going onto the crossing under the gates and placing himself in such proximity to the track as to be struck by the driving rod of the engine, or whether it was the speed at which the train was then running when he was struck." This instruction, minus the following addition, was asked by appel-

lant's counsel, but immediately after the word "struck" the court, of its own motion, added the following words: "And in this connection the jury are referred to the instruction number one relating to the presumption of the law in this case." Counsel contend that the addition of these words was error. Instruction one, referred to by the added words, is as follows: "If the jury believe from the evidence that the said George Gilbert Jamieson was struck and killed by a locomotive attached to a passenger train while it was running on the defendant's railroad track and within the corporate limits of the city of Chicago at a greater rate of speed than ten miles an hour, then the law presumes that the accident in question was caused by the negligence of the defendant or its agents." This instruction is based on paragraph 87 of chapter 114, Hurd's Rev. Stat. 1901, which provides as follows:

"Whenever any railroad corporation shall by itself or agents, run any train, locomotive engine, or car, at a greater rate of speed in or through the incorporated limits of any city, town or village, than is permitted by any ordinance of such city, town or village, such corporation shall be liable to the person aggrieved for all damages done the person or property by such train, locomotive engine, or car; and the same shall be presumed to have been done by the negligence of said corporation or their agents; and in addition to such penalties as may be provided by such city, town or village, the person aggrieved by the violation of any of the provisions of this section shall have an action against such corporation so violating any of the provisions, to recover a penalty of not less than one hundred dollars ($100) nor more than two hundred dollars ($200) to be recovered in any court of competent jurisdiction; said action to be an action of debt, in the name of the People of the State of Illinois, for the use of the person aggrieved; but the court or jury trying the case may reduce said penalty to any sum, not less, however, than fifty dollars ($50) where the offense committed by such violation may appear not to be malicious or wilful. Provided, that no such ordinance shall limit the rate of speed, in case of passenger trains, to less than ten miles per hour, nor in any other case to less than six miles per hour."

The instruction is accurate as far as it goes, but consid-

ered alone, and not as one of a series, it would be obnoxious to criticism, as calculated to mislead a jury unlearned in the law to think the presumption conclusive, instead of merely *prima facie*, as it is. C., B. & Q. Ry. Co. v. Appell, 103 Ill. App. 185; Ill. Cent. R. R. Co. v. Ashline, 171 Ib. 313, 319; T. B. & W. Ry. Co. v. Deacon, 62 Ib. 91. Therefore, it was pertinent and proper to connect, by reference, the instruction with the instruction which submitted to the jury the question whether the accident was caused by the conduct of the deceased, or by the operation of appellant's train at a prohibited rate of speed.

The court also gave the following instructions:

" The fact that the defendant's train was running at a greater rate of speed than ten miles an hour will not of itself alone make it liable for the death of this boy, unless the fact that the train was running at a rate of speed in excess of the ordinary rate at the time the boy was struck by the driving rod of the engine as it passed by him on the crossing, was the direct and proximate cause of the accident."- Ab., marg. p. 149.

" If the jury shall find from the evidence that the act of the child itself in going under the gates and onto the crossing as the defendant's engine and train were about to pass over said crossing, was the sole cause of the accident, then they are instructed that the plaintiff cannot recover, and their verdict must be for the defendant."

The words " of itself alone " in the first, and the word " sole " in the second of the above instructions, were not in the instructions as asked, but the court inserted them, and this is complained of. There was no error in the insertion of the words "of itself alone." There was no evidence of any negligence, nor was any claimed by the appellee, other than the running appellant's train at a rate of speed prohibited by the ordinance. Therefore, we do not think the jury could have been misled by the words, " of itself alone."

The objection of appellant's counsel to the use of the word "sole" in the last quoted instruction is thus stated: "By this modification, the jury were given to understand that there were other causes, in a legal sense, of the acci-

dent, than the act of the boy, in which case, whether such other causes should be such as would make the defendant liable or not, they could still not find a verdict for the defendant." Appellant's attorneys tried the case on the theory that the accident was not caused by the rate of speed of the train; that if the rate of speed had been only ten miles per hour, the accident would have happened, and that the accident was solely caused by the act of the deceased in placing himself so close to the track; and the instruction corresponds with that theory. We think it next to impossible that an average jury could have been misled by the instruction.

We find no reversible error in the record, and the judgment will be affirmed.

*Affirmed.*