## THE CHICAGO CITY RAILWAY COMPANY

*v.*

## ADAM MAGER.

*Opinion filed April 17, 1900.*

1. WITNESSES—*when witnesses are "interested" in the result of a suit.* As distinguished from prejudice or bias resulting from friendship, hatred, consanguinity or other domestic or social relation, an "interest" in the result of the suit is a legal, certain and immediate interest either in the cause itself or in the record as an instrument of evidence, to be used in the witness' own future litigation.

2. INSTRUCTIONS—*court may decline to give two instructions on the same point.* An instruction concerning the right of the jury to consider the "interest" of witnesses when considering their testimony may be refused, where an instruction on the same point, but applicable only to the plaintiff, has been given and there are no other "interested" witnesses.

3. STREET RAILWAYS—*when question whether car was supplied with proper brake is for jury.* Whether a street car supplied with a brake which, though in good order, could not be depended upon to control the car on a wet track, can be regarded as reasonably equipped with stopping appliances is a question of fact for the jury.

*Chicago City Railway Co.* v. *Mager,* 85 Ill. App. 524, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JOHN C. GARVER, Judge, presiding.

WILLIAM J. HYNES, and W. J. FERRY, (M. B. STARRING, of counsel,) for appellant.

WILL B. MOAK, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The only alleged errors here urged are, that on the hearing of this cause, which was an action on the case by appellee to recover damages for personal injuries alleged to have been inflicted through actionable negligence on the part of the appellant company, the trial

judge erroneously refused to give to the jury instruction No. 23 asked by appellant, and so erroneously framed an instruction given by the court on its own motion as to authorize the rendition of a verdict against the appellant company on a ground of negligence not advanced by the declaration.   Instruction No. 23 was as follows:

"The jury are instructed that in considering the evidence of the witnesses in this case and determining what weight shall be attached to the same, they have the right to take into consideration whatever interest, if any appears from the evidence, such witness or witnesses may have in the result of the suit."

Instruction No. 16 given at the request of the appellant company was as follows:

"The jury are instructed that while the law permits a plaintiff in a case to testify in his own behalf, nevertheless the jury have a right, in weighing his evidence and determining how much credence is to be given to it, to take into consideration that he is the plaintiff and his interest in the result of the suit."

Each of these instructions asked the court to direct the attention of the jury to the same class of witnesses, namely, those having an interest in the result of the suit. Mr. Greenleaf, in his work on Evidence, (vol. 1, sec. 386,) defines an interest in the result of a suit to be "some legal, certain and immediate interest, however minute, either in the event of the cause itself, or in the record, as an instrument of evidence, in support of his own claims, in a subsequent action.   It must be a legal interest, as distinguished from the prejudice or bias resulting from friendship or hatred, or from consanguinity, or any other domestic or social or any official relation, or any other motives by which men are generally influenced, for these go only to the credibility."   It is not claimed any one who gave testimony, other than the appellee, had any such an interest in the result of the suit.   The court was therefore justified in refusing instruction No. 23 as being but a repe-

tition of instruction No. 16. Counsel for the appellant company asked twenty-six instructions, twenty-one of which were granted. It was the province and duty of the court to decline to give a second instruction on the same point. If counsel for appellant desired the jury should be advised it was competent for them, in determining as to the weight and value proper to be given to the testimony of witnesses, to consider any bias or prejudice existing in the mind of the witness, arising from sentiments of friendship or hatred, if any such bias or hatred appeared, an instruction should have been so framed for that purpose.

It appeared a train of appellant's cars ran into and upon a wagon on which appellee was riding. He was thrown to the ground by the impact and injured in his person by the fall. The declaration averred the collision was occasioned by the carelessness and negligence of servants of the appellant company in the management and operation of the train. It is complained certain instructions given by the court upon its own motion authorized the jury to consider as an element of the right of recovery, whether the train was properly equipped with appliances for stopping the train. The contention is, (1) the declaration did not charge negligence in respect to the manner in which the car was equipped with appliances to control its motion; and (2) that there was no evidence that the brake or other appliance was defective.

The first contention is of a variance between the declaration and the proof. It was not raised in the trial court. Had it been presented there it could, if necessary, have been obviated by an amendment. We have frequently ruled objections as to a variance cannot be raised for the first time in this court.

The motorneer in charge of the car, when testifying as to the manner in which he operated the train at the time in question, stated: "When I saw him (appellee) turn his horses' heads toward the track I applied the

brake, and I saw the brake was not going to do, so I threw the brake off and reversed the current. * * *

Q. "What did you do—what movement did you make?

A. "I first applied my brake, and seeing the brake was not going to work I released the brake. I had my reverse handle and pulled on the power again and gave my car a backward action.

Q. "And after you applied the brake, and you found, as you say, that it would not work, you reversed it?

A. "Yes, sir."

Upon further examination the witness explained that he did not mean the brake was defective or could not be operated; that the brake was all right, but that the rails of the track of the road were wet with water from a sprinkling cart or from rain, and were for that reason so slippery the brake could not be depended upon to stop the train in time to avoid striking appellee's wagon,— the appellee, as the witness claimed, having suddenly turned his team and vehicle from the street onto the track in front of the train.

We are inclined to agree with the view urged by counsel for the appellant that all of the testimony of this witness considered together made it clear the witness did not mean to be understood that the brake was out of order or in any way defective. But it remained a fair question of fact for the jury to determine whether a car supplied with a brake which, though in perfect order, could not be depended upon to check and control the motion of the train under the circumstances, should, to adopt the language employed by the court in the instruction complained of, be regarded as "reasonably equipped at the time as to its stopping appliances."

The record is free from error reversible in character. The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*