West Chicago St. R. R. Co. v. Dedloff.

***

### West Chicago St. R. R. Co. v. Joseph Dedloff.

1. NEGLIGENCE—*Of the Driver of a Wagon Not to be Attributed to Persons Riding With Him.*—The negligence of the driver of a wagon is not necessarily to be imputed to a person riding with him, where such person is not, by his conduct, in any way the cause of such negligence.

2. SAME—*Liability for the Negligence of Third Parties.*—Where a defendant is guilty of negligence causing an injury, the fact that a third party was also guilty of negligence contributing to the injury will not relieve the defendant from liability for his own negligence.

3. SAME—*Crossing a Street Railroad Track on Which a Car is Approaching.*—Whether an attempt to cross a street railroad track upon which a car is approaching is negligence must depend upon the apparent distance of the approaching car from the crossing and the other surrounding circumstances.

4. PLEADING—*Allegations of Due Care, When Unnecessary.*—In an action for personal injuries caused by a collision between a wagon and a street car, an allegation in the declaration that the "team and wagon were driven with due care," is not necessary to a recovery. It is enough if the plaintiff was in the exercise of due care.

5. TRIALS—*Not Improper for Counsel to State the Amount of the Ad Damnum, in Argument.*—It is not improper for counsel in his argument to the jury to state the amount of the *ad damnum* laid in his declaration.

6. SAME—*When Improper Statements of Counsel Are Not Sufficient to Reverse.*—In an action against a street railroad company for personal injuries, a statement by counsel for the plaintiff in his argument to the jury, that "you will do a great injustice to this man and to the right and cause of justice if you fail to find the defendant guilty of negligence and give the plaintiff a verdict which shall be fair and reasonably fair, based upon what you or any other man might base it if he had sustained the damage that this man has," is held to be subject to criticism as inviting the jury to base their verdict upon considerations other than the evidence in the case, but not sufficiently improper to require a reversal of the judgment.

7. EVIDENCE—*Competency of Witnesses as to Rate of Speed.*—A witness may, without qualifying by showing special experience, give his opinion as to the relative rate of speed of a street car.

8. WAIVER—*Of Errors Assigned But Not Argued.*—An assignment of error by counsel, if not argued by him, must be considered as waived.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the March term, 1900. Affirmed. Opinion filed December 20, 1900.

**Statement.**—This action was brought by appellee to recover damages for personal injuries sustained, as is charged, by reason of negligence of appellant. The cause of the injury was a collision between one of appellant's cars and a wagon upon which appellee was riding. Appellee was not the driver of the team attached to the wagon.

The *narr.* counts upon an improper and negligent management of the car by the motorman, and specifies in the second count running at an immoderate and dangerously high rate of speed as the negligent act of the motorman. The two counts each allege that the team and wagon were driven with due care.

The evidence showed that the accident occurred at the intersection of Throop and Fourteenth streets. The appellee was riding in a beer wagon going south on Throop street, and a car of the appellant going west on Fourteenth street struck the hind wheel of the wagon, overturning it

and throwing appellee out. There is a conflict in the evidence as to the speed of the car. Appellee's evidence tended to show that it was running at a rate of eighteen miles an hour, while appellant's evidence tended to show that it was running at the rate of ten miles an hour or less. There was also a direct conflict in the evidence as to whether or not the motorman rang the bell and applied the brake before striking the wagon. The wagon was in charge of a driver, John Rausch, who was an employe of the Chicago Brewery Company. Appellee was " helper " on the wagon. His duties were to lift the barrels of beer out of the wagon, carry them into saloons, and put back empty barrels from the saloons into the wagon. He was not employed by the Brewery Company, but by Rausch. The wagon was a long beer wagon, having one seat in front for the driver. On this seat appellee and the driver were both sitting, the appellee being on the east side and therefore nearer to the approaching car.

There was a verdict of $3,500 in favor of appellee. Judgment was duly entered on this verdict, and from that judgment this appeal is prosecuted.

John A. Rose and Louis Boisot, Jr., attorneys for appellant; W. W. Gurley, of counsel.

White & Mabie, attorneys for appellee.

Mr. Justice Sears delivered the opinion of the court.

The grounds relied upon for reversal are (1) contributory negligence; (2) misconduct of plaintiff's attorney; (3) errors in instructing the jury; and (4) erroneous rulings in regard to evidence.

After an examination of all the evidence we can not say that contributory negligence upon the part of appellee is established by such evidence as warrants a conclusion of such negligence as a matter of law; nor can we say that the verdict of the jury, finding in effect that appellee was guilty of no negligence contributing to the injury, is mani-

festly against the weight of the evidence. Counsel for appellant rely upon the fact that when the car was 250 or or 300 feet distant, the driver of the wagon undertook to cross the track in front of it, as showing such contributory negligence.

The negligence of the driver, if any, is not necessarily to be imputed to appellee, if the jury found that appellee was not, by his conduct, in any way the cause of such negligence. W. C. St. R. R. Co. v. Piper, 165 Ill. 325; Landon v. Chicago & G. T. R. R. Co., 92 Ill. App. 216.

It is true that if there was any contributory negligence of the driver which was caused by conduct of appellee, so that it might be found that appellee's conduct contributed to the injury, it would bar a recovery. And it was proper that the actions of appellee in this behalf should be measured, to determine if he was guilty of such negligence. The decisions relied upon by counsel for appellant so hold, and they do not hold that irrespective of the conduct of appellee, the negligence of the driver must be attributed to appellee. If it was so held in other jurisdictions, the decision would not be authority here, for it would conflict with the doctrine, well established in this State, that if a defendant be guilty of negligence causing an injury and the plaintiff be free from negligence contributing thereto, then the fact that negligence of a third party also contributed would not relieve the defendant from liability for his negligence. No. Chicago St. R. R. Co. v. Dudgeon, 83 Ill. App. 528; affirmed in 184 Ill. 477.

Under the instructions the jury were left to measure the conduct of appellee as well in relation to what he told, or did not tell, the driver, as in other respects. The jury found that appellee was not negligent.

But it is argued that because each count of the *narr.* alleged that the team and wagon were driven with due care, therefore it was incumbent upon appellee to prove due care on the part of the driver in order to sustain his declaration and have a recovery.

Such allegation was not necessary to a right of recovery,

West Chicago St. R. R. Co. v. Dedloff.

it being enough if appellee was in the exercise of due care; but if the allegation be treated as one requiring proof, still the evidence is such that the verdict can not be held to be manifestly against the weight of it in this regard. It is not the law that one who attempts to cross a street railroad track upon which a car is approaching is *per se* guilty of negligence. If it were so, travel across streets upon which such tracks were laid would be precluded. Whether such attempt is or is not negligence, must, in each instance, depend upon the apparent distance of the approaching car from the crossing and other surrounding circumstances. C., C., C. & St. L. Ry. Co. v. Baddeley, 150 Ill. 328; B. & O. S. R. Co. v. Keck, 185 Ill. 400.

There are cases where it can properly be held that from all the facts no conclusion could be reached by reasonable minds save the conclusion that there was negligence in such attempt. But this is not, in our opinion, such a case. Here the car was distant, according to evidence in the case, some 250 to 300 feet. We can not hold that all reasonable and fair-minded men would agree that to attempt to drive across the track when a car was approaching at such distance, was a negligent act. Therefore, if we should treat the due care of the driver as an essential to recovery under the pleadings in this case, yet we would decline to hold that the verdict is against the manifest weight of the evidence.

Secondly: It is contended that there was misconduct of the attorney for appellee which should cause a reversal. One of the grounds for this contention is that counsel in argument stated to the jury the amount of the *ad damnum*. Decisions are relied upon which criticise instructions by the court in which the jury are informed of the amount of the *ad damnum*. Whether in any case the giving of such an instruction might properly be held of itself alone to constitute ground for reversal, it is not necessary here to consider. No such instruction was given in this case. The argument and the decisions cited are therefore not in point. We are aware of no decision which holds that for counsel

to tell the jury in argument the amount at which the *ad damnum* is laid, constitutes error. We are of opinion that the error in this particular is not well assigned.

Another ground argued in this behalf is that counsel for appellee stated in argument as follows:

"You will do a great injustice to this man and to the right and cause of justice, if you fail to find the defendant guilty of negligence, and give this plaintiff a verdict which shall be fair and reasonably fair, based upon what you or any other man might base it, if he had sustained the damage that this man has."

We are of opinion that this statement was subject to criticism in that it might be taken by the jury as inviting them to base the amount of their verdict upon considerations other than the evidence. A similar statement by counsel was criticised by this court in P., C., C. & St. L. Ry. Co. v. Story, 63 Ill. App. 239, but was not regarded as sufficient ground for reversal. Upon consideration of all the evidence in this case, we think that the judgment here should not be reversed upon the ground of this statement of counsel.

Thirdly: It is contended that the court erred in instructing the jury. The court modified the twenty-seventh and twenty-eighth instructions, tendered by counsel for appellant, by striking out portions, and complaint is made of such modification. The parts stricken out were sufficiently included in the sixth, seventeenth, eighteenth, nineteenth and twenty-eighth modified instructions given. It is proper to refuse instructions, the substance of which is embodied in other instructions given. Met. El. R. R. Co. v. Skola, 183 Ill. 454; C. C. Ry. Co. v. Mager, 185 Ill. 336.

It is also urged that there was error in that the court struck out the portions omitted from the instructions as modified by merely marking through them with a pen, leaving them legible. In this connection the decision in W. B. C. Co. v. Bucherer, 84 Ill. App. 633, is cited. In the Bucherer case the court held that "the question presented by the erased portion of this instruction was correct and important, if not absolutely controlling." Nor does it appear

West Chicago St. R. R. Co. v. Dedloff.

that it was otherwise given to the jury by other instructions. Here the same substance which was marked out of one instruction was given in effect by several others. We think it unlikely that the jury could have been misled as to the law by reason of the parts thus stricken out of the modified instructions.

The twenty-ninth and thirtieth instructions, tendered by counsel for appellant and refused by the court, are covered in substance by instruction numbered 21, which was given by the court.

Fourth: It is complained that the court erred in rulings upon the admission and exclusion of evidence. The court did not err in permitting a witness to testify as to his opinion relative to the rate of speed of the car. A witness, without qualifying by showing special experience, may thus testify to his opinion. Ill. C. R. R. Co. v. Ashline, 171 Ill. 313.

Nor was there error in refusing to strike out the testimony of a physician who, testifying in regard to his examination of the plaintiff, said: "When I would make pressure there at the place where he said he had pain, of course it would indicate more pain."

The weight to which this opinion is entitled is not the criterion by which to judge its competency. It was competent. There was no error in excluding answer to the following question, put by counsel for appellant to appellant's witness upon direct examination:

"Did he ring his bell every twenty-five or thirty-five feet between Center avenue and Throop street?"

The question was leading, hence improper. The objection to it was general. If the court had overruled the objection because it was general and not specific, there would have been no error in the ruling. Neither is there error in the sustaining of it, although counsel failed to specify his objection. It was improper and the court was right in excluding it.

Answer to another question upon direct examination was excluded, and properly. The question was, "Do you think you would have noticed it if he had been lame?"

There was no error in sustaining objection to this question.

The assignment of error that the verdict is excessive is not argued by counsel for appellant, and we therefore treat this ground of complaint as abandoned.

The amendment to the declaration obviated any question as to evidence and instructions upon the expenditures for doctor's bills.

Upon the whole record we find no substantial reason for reversing the judgment.

The judgment is affirmed.