## Chicago City Ry. Co. v. George Wall.

1.  NEGLIGENCE—*Of a Driver Not to be Imputed to Persons Riding with Him.*—The law does not impute to persons riding in a buggy, any negligence of which the driver of the buggy was guilty, unless such person was in some manner at fault for such negligence.

2.  SAME—*When the Negligence of Several Persons Concurs.*—When the negligence of several persons concurs in causing an injury the fault

of one of the concurring tort feasors affords no escape from liability for another, also at fault.

3. SAME—*When Primarily a Question for the Jury.*—It is a question primarily for the jury to determine whether a person who attempts to cross a street railroad track upon which a car is approaching is guilty of negligence contributing to the injury for which he claims the company is liable.

4. MEDICAL ATTENDANCE—*In Personal Injury Cases.*—The proper measure of services rendered by a physician in a personal injury case as an element of damages is the usual and reasonable charges of the profession generally, and not the usual charges of the particular physician who is testifying.

5. EVIDENCE—*Rate of Speed of Street Cars.*—The testimony of a witness that he saw a car " coming down at a terrible speed," is improper, as it conveys to the jury no measurement of the rate of speed of the car except as it conveyed to them the fact that it was at such a rate as the witness disapproved.

6. SAME—*Sobriety of the Person Injured.*—A witness may be properly interrogated in regard to a person injured by a collision with a street car, while riding with another person in a buggy, in relation to his condition and that of the driver, and he may properly be asked in relation to the injured person, " How did he appear to you with reference to whether he had been drinking or not? "

7. WITNESSES—*Province of the Court to Limit.*—A trial court may, with propriety, put a limit upon evidence presented, to the extent of the payment of costs for witnesses called after a given number have been examined upon a certain point, and require that all witnesses examined thereafter upon the same point shall be at the cost of the party calling them.

8. TRIALS—*Improper Remarks of the Trial Judge.*—Remarks of the trial judge in the presence of the jury calculated to give additional weight to improper evidence are cause for reversal.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. MURRAY F. TULEY, Judge, presiding. Heard in this court at the March term, 1900. Reversed and remanded. Opinion filed March 5, 1901.

**Statement.**—This suit was brought by appellee to recover damages for personal injuries caused, as is charged, by negligence of appellant.

Appellee was riding in a buggy with one Hull, who was driving. Hull drove west on Twenty-fourth street in the city of Chicago, and coming to Wentworth avenue, he undertook to drive across appellant's car tracks upon that street, upon which tracks a car of the appellant was approaching.

A collision resulted, by which appellee was injured. There is a sharp conflict in the evidence as to whether the injury was caused by any negligence of appellant or solely by negligence of the driver.

There is evidence tending to establish appellee's theory that while appellee was attempting to cross the tracks in front of a car, which was approaching at a considerable distance, the car was negligently run at a high and dangerous rate of speed and without the ringing of a bell, and by reason thereof the collision and injury resulted.

There is also evidence tending to support the theory of appellant that when the car was only a few feet from the crossing and while the motorman was running it at a slow and safe rate of speed and was ringing the bell, the buggy was carelessly and recklessly driven in front of the car in such a manner as to render the resulting accident unavoidable. In this connection, and as bearing upon the alleged reckless conduct of the driver, it was sought to show that Hull and appellee were under the influence of liquor. The issues were submitted to a jury and a verdict was returned for appellee. From judgment thereon this appeal is prosecuted.

W. J. Hynes and S. S. Page, attorneys for appellant; Mason B. Starring, of counsel.

Benjamin F. Richolson and Richard Ingalese, attorneys for appellee.

Mr. Justice Sears delivered the opinion of the court.

It is argued by counsel for appellant that the evidence discloses that Hull, the driver, was negligent. The law does not impute to appellee any negligence of which the driver was guilty, unless appellee was in some manner at fault for such negligence. Wabash Ry. Co. v. Shacklett, 105 Ill. 364; Union Ry. & Tr. Co. v. Shacklet, 119 Ill. 232; W. C. St. R. R. Co. v. Piper, 165 Ill. 325; Landon v. Ch. & Gr. T. R. R. Co., 92 Ill. App. 216; W. C. St. R. R. Co. v. Dedloff, 92 Ill. App. 547.

In England it was held by a decision at Common Pleas in 1849 that the passenger must be considered as identified with the driver of a vehicle in which the former voluntarily becomes a passenger, to an extent that the negligence of the driver should be held to be imputed to the passenger. Thorogood v. Bryan, 8 Manning, G. & S. 115.

In this country some of the States adopted and followed this rule. The Supreme Court of Pennsylvania followed it in Lockhart v. Lichtenthaler, 46 Pa. St. 151. The Supreme Court of this State, however, declined to follow these decisions in Wabash Ry. Co. v. Shacklett, *supra*, and has always adhered to the sound doctrine that when the negligence of several concur in causing an injury, the fault of one of the concurring tort feasors affords no escape from liability for another also at fault. Since the decision in the Shacklett case the courts of England have repudiated the doctrine previously announced in the case of Thorogood v. Bryan, and have adopted the rule as held here.

In 1887 the Court of Appeal held in The Bernina, L. R. 12, Pro. Div. 58, that the announcement in the Thorogood case was not tenable, and the contrary doctrine was followed. This decision was affirmed by the House of Lords in L. R., 13 App. Cases 1.

The Supreme Court of Pennsylvania has also since repudiated the holding in the Lockhart case, *supra*, except as applied to common carriers, in which class of cases that court still adhere to the rule of the Lockhart case, thus limited, upon grounds of public policy only. Borough v. Brisbane, 113 Pa. St. 544.

It may be, therefore, regarded as generally well settled, both here and elsewhere, that the negligence of the driver is not necessarily to be imputed to a passenger who is in no wise at fault for such negligence, except perhaps in some instances, where persons under disability to care for themselves are in the charge and control of parent or guardian and the like, instances which are referred to in the Shacklett case, *supra*, as possibly exceptional to the general rule. Whether they are exceptions was not there and is not here

involved. The question of whether appellee was himself in any way at fault by reason of his actions or failure to act, for negligence of the driver, if the driver was negligent, was a question for the determination of the jury, under the rule ordinarily governing as to contributory negligence.

The evidence is not conclusive that either appellee or Hull, the driver, was guilty of any negligence. As said by this court in W. C. St. R. R. Co. v. Dedloff, *supra*, "It is not the law that one who attempts to cross a street railroad track upon which a car is approaching is *per se* guilty of negligence. If it were so, travel across streets upon which such tracks were laid would be precluded;" citing C. C. & St. L. Ry. Co. v. Baddeley, 150 Ill. 328; B. & O. S. R. Co. v. Keck, 185 Ill. 400.

It was therefore a question primarily for the jury whether there was any negligence contributing to the injury of which appellee was guilty.

Upon the alleged negligence of appellant the evidence was sharply conflicting. It is enough to say that this, too, was a question for the jury, and that we can not say, in view of the conflicting evidence, that a verdict for or against appellee could be properly disturbed upon the ground that it was against the manifest weight of the evidence.

We have, then, only to consider questions of procedure.

The errors complained of relate to rulings upon admission of evidence, instructions, and remarks of the court in the hearing of the jury.

The declaration contained no allegation that appellee by reason of his injuries had been hindered in his business prior to the bringing of the suit. It was sought to show his damages in this behalf by evidence of his monthly earnings. The objection to the evidence was not made specific, and the court could not know from a general objection, that it was based upon this state of the pleadings. If the objection had been specific it would doubtless have been sustained; for while no allegation of special damages was necessary in this behalf, and it would have been enough

had there been a general allegation that appellee was hindered by the injury in his ordinary business, yet some allegation, either special or general, was essential. The court ruled properly in admitting testimony of a witness as to rate of speed, although such witness had shown no special qualification as an expert in matters of speed of railway trains. Ill. C. R. R. Co. v. Ashline, 171 Ill. 313.

A question was permitted over objection, by which a physician who had attended appellee was asked what his usual charges were for such services. The question was improper. The proper measure was the usual and reasonable charge of the profession generally, not the usual charges of the particular physician who was testifying. But the witness, by his answer, in part cured the fault of the question, for he answered generally as to what a reasonable fee would be.

A witness testified in part as follows: " I saw the car coming down at a terrible speed." Counsel for appellant moved the court to strike out this answer as being improper. The court overruled the motion, saying: " That is one way of telling what kind of speed it was. I do not see anything improper about it." The answer was improper and should have been stricken out on motion. It conveyed to the jury no measurement of the rate of speed of the car, except as it conveyed to them the fact that it was such a rate as the witness disapproved. The remark of the court was calculated to give additional weight to the improper evidence. Counsel for appellant saved an exception, and we think the error well assigned.

A witness, who was being examined in reference to the condition of appellee and Hull in matter of sobriety, was asked :

" How did he appear to you, with reference to whether he had been drinking or not ? "

The question was excluded. It was proper, and answer to it should have been allowed. City v. Hillman, 90 Ill. 61; Rogers on Expert Testimony, 10.

It is complained that the court improperly placed a limit

upon the number of witnesses to be examined by counsel for appellant upon material issues in the case. No exception was preserved to the ruling, but as the question may again arise upon another trial, we deem it proper to say that the ruling was erroneous. A limit upon the evidence presented might with propriety have been put, to the extent of the payment of costs for witnesses called beyond a certain number. The court might have ruled that, after a given number of witnesses had been examined upon the matter, all witnesses thereafter called and examined only upon the same matter should be made witnesses only at the cost of the party calling them. But beyond this we think the court could not thus impose such an arbitrary limit upon the amount of evidence which the litigant might present to maintain a material issue in the cause. Chapter 33, R. S., Sec. 15; White v. Hermann, 51 Ill. 243; C., B. & N. R. R. Co. v. Bowman, 122 Ill. 595.

There are other rulings complained of, in which we find no error, and which it is unnecessary to set forth in detail.

The various objections to rulings upon instructions given, modified or refused, present no matter which it is necessary to consider, except the refusal of one instruction tendered by counsel for appellant. It is as follows:

" The court instructs you that plaintiff can in no event recover anything for the services of Dr. Dal and Dr. Cole, and nothing whatever for any medicines or nursing."

This instruction should have been given. There was no evidence before the jury as to the value of the medical services referred to, or as to any cost of medicine or nursing; if, however, this were the only tenable ground for a reversal of the judgment, we would decline to reverse, because of the unreasonable number of instructions tendered by counsel for appellant. When more than fifty instructions are tendered upon one side, it can scarcely be wondered that some are overlooked by the court which are proper to be given.

Finally, it is urged that the court erred in making improper remarks in the hearing of the jury. Many of the

remarks complained of were not made matter for review by the preserving of any exception, and we notice only those where objection and exception are shown by the record. They are as follows:

Counsel for appellant had obtained an answer from a witness upon cross-examination, which was' favorable to the theory of the defense. The question and answer were as follows:

Q. " In such a position as it would be if he had wound it up, do you think ? "   A.   " Yes, sir."

Whereupon the court said :

" That won't do, trying to make him say what he don't say."

This remark was improper and calculated to prejudice the rights of appellant. It was for the jury, not the court, to determine, in the first instance, what the witness intended to say, and the measurement of the testimony by the jury should not have been influenced by the measurement which the court put upon it.

A witness for appellant stated, upon cross-examination, that appellant was to pay him for his loss of time while attending as a witness. At one time the witness stated that he was thus to receive two dollars per day, and at another time he stated that he was to receive his wages. From all his testimony it is apparent that the two statements were reconcilable, for at the time when appellant had agreed to pay for his loss of time his wages were two dollars per day, though afterward they were less. The court said :

" I do not see any need of that style of arguing the case very long with the witness. He has answered he is to get $2 a day; now he answers you he was only to get his wages." And, " You have got it; he says one thing one minute and another thing the next."

These remarks were improper and constitute ground for reversal. The witness to whose testimony they were applied was one of the most important witnesses for appellant. If his version of the accident was accepted as true there could be no recovery by appellee. We think his

statements referred to were entirely reconcilable. But if they were not, it was, as above stated, for the jury, and not for the court, in the first instance, to pass upon and measure the weight to be accorded to the testimony of this witness.

Upon cross-examination of a witness by counsel for appellant, statements were made by the witness which appeared to be contradictory. The court said:

"He means to say that if that was the Christmas he was hurt, he did see him. There is no use trying to make him say what he don't intend to say."

To this remark an exception was taken, whereupon the court added:

"You ran back four Christmases, and this man did not stop to think."

Very likely the learned trial judge was correct in his estimate of the witness' sincerity and credibility. But it was just as erroneous to influence the jury to give weight to the testimony of this witness as it was to influence them to detract from the weight to be accorded the witness in the former instance.

Many statements made by counsel for appellee in argument to the jury are presented as constituting error. It is enough to say of them all, that in no instance was an objection followed by a ruling of the court and an exception.

For the reasons above indicated the judgment is reversed and the cause is remanded.