Emelia Bohlen, Appellee, v. Chicago City Railway Company, Appellant.

### Gen. No. 14,002.

1. CONTRIBUTORY NEGLIGENCE—*what does not establish.* Held, that under the facts of this case, it was not contributory negligence for the driver of a vehicle to fail to turn out of street car tracks to the left or east.

2. Negligence—*when doctrine of imputed, does not apply.* The negligence of a husband cannot be imputed to his wife who is riding with him in a vehicle over which she is exercising no management or control.

Action in case for personal injuries. Appeal from the Superior Court of Cook county; the Hon. Robert W. Wright, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed May 19, 1908.

William J. Hynes, John E. Kehoe and Watson J. Ferry, for appellant.

Edward R. Litzinger, for appellee.

Mr. Presiding Justice Baker delivered the opinion of the court.

This is an appeal by the defendant from a judgment for $1,000, recovered in an action on the case for personal injuries.

Defendant had a double track electric street railway in Halsted street, a north and south street. About two hundred feet south from the bridge over the south branch of the Chicago river Halsted street runs in a subway, the full width of the street, under the elevated tracks of the Alton railroad. Plaintiff was going south in Halsted street in a wagon on which was an empty hay rack, from the rear of which a binding pole extended about two feet. Plaintiff sat on a ladder laid across the front part of the hay rack, with her feet near the front end of the pole. Plaintiff's husband drove the team. As the wagon passed through the subway it was in the west, the south-bound track. A south-bound car of the defendant ran against the projecting end of the binding pole, and thereby the front end of the pole was made to strike against and injure the foot and leg of the plaintiff.

The evidence as to where in the street the hay wagon ran betwen the bridge and the subway is conflicting. That for the plaintiff tended to show that it ran in the west track from the bridge to the subway; that

when it reached the subway there was an ice wagon west of and about four feet from the car track, and another wagon in the car track in front of the hay wagon; that the wagon in the car track stopped and the hay wagon drove up to that wagon and stopped; that the wagon in front started forward and turned out of the car track to the west, and the driver of the hay wagon also started to turn out to the west, and when the fore wheels of the wagon only were out of the track the collision occurred. The evidence for the defendant tended to show that the hay wagon ran west of and at such distance from the car track that there was room for the car to pass the wagon until the car was within a few feet of the wagon, when it suddenly turned to the east into the car track, and that after the wagon started to turn to the east it was impossible to stop the car in time to avoid striking the end of the binding pole.

The contention of appellant that if the driver could not turn out to the right and west, he should have turned out to the left and east, and was guilty of negligence in failing so to do, cannot be sustained. There was a row of columns in the subway between the railroad tracks, which rendered it difficult, if not impossible, to turn out to the east. Again, to turn out to the east was to go upon the north-bound track, and if that track was safely crossed, to go upon the left side of the street in violation of the "rule of the road."

But the question in this case is not between the plaintiff's husband, the driver of the team, and the defendant, but between the plaintiff and the defendant. There is no evidence tending to show that the plaintiff had or exercised any control over her husband in the management of his team. His negligence, if he was negligent, cannot be imputed to her, nor be held to be her negligence. W. S. St. R. R. Co. v. Detloff, 92 Ill. App. 547; C. C. Ry. Co. v. Wall, 93 id. 411. The question whether plaintiff's husband was guilty of negligence is therefore immaterial unless it can be

held that his negligence was the sole cause of the injury, and therefore excludes the conclusion that the defendant was guilty of negligence which contributed to such injury. We do not think that the evidence shows that the negligence of the driver was the sole cause of the collision, but think that from the evidence the jury were warranted in finding that the defendant was guilty of negligence which directly contributed to plaintiff's injury, and the contention of appellant that the verdict is not justified by the evidence cannot therefore be sustained.

We find no reversible error in the rulings of the court on questions of evidence.

We see no objection to defendant's instruction No. 21, which was refused, but so much of said instruction as defines ordinary care was given in instruction No. 11, and so much of said instruction as tells the jury that if they "believe from the evidence that the defendant and its servants at the time and place in question exercised towards plaintiff ordinary care and caution to avoid injuring her, but that nevertheless the accident occurred, it is your duty to find the defendant not guilty," was given in substance in given instruction No. 3, which concludes as follows: "If you believe from the evidence that the motorman in question was at and before the happening of the accident conducting his car with reasonable and ordinary skill, care and caution, and that the accident happened without negligence on his part, then it is your duty to find the defendant not guilty"; for the only negligence of the defendant which the evidence tended to prove was the negligence of the motorman in charge of defendant's car. The substance of refused instruction 16 is contained in given instruction 3. We do not think it was reversible error to refuse to give to the jury said instructions 16 and 21.

We do not think that the damages awarded the plaintiff are so excessive as to justify a reversal of the judgment on that ground.

Finding in the record no reversible error, the judgment will be affirmed.

*Affirmed.*