## William J. Henderson, Defendant in Error, v. Chicago Railways Company, Plaintiff in Error.

## Gen. No. 16,680.

1. NEGLIGENCE—*when doctrine of imputed does not apply.* The negligence of the driver of a vehicle is not necessarily to be imputed to a passenger in that vehicle and where the passenger is injured by the

negligence of the employes of a street railway company with whose car the vehicle comes in contact, there may be a recovery, notwithstanding the negligence of the driver.

2. NEGLIGENCE—*when doctrine of imputed does not apply.* There would appear to be no reason why the negligence of a driver of a vehicle transporting freight should be imputed to the owner of the freight, than that the negligence of the driver of a vehicle carrying passengers should be imputed to the passengers.

3. VERDICTS—*when not disturbed as against the evidence.* A verdict will not be set aside as against the evidence unless clearly and manifestly so.

Error to the Municipal Court of Chicago; the HON. MCKENZIE CLELAND, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1910. Affirmed. Opinion filed April 19, 1912.

JOHN A. ROSE and FRANK L. KRIETE, for plaintiff in error; W. W. GURLEY, of counsel.

SONNENSCHEIN, BERKSON & FISHELL, for defendant in error.

MR. JUSTICE CLARK delivered the opinion of the court.

The defendant in error, hereinafter called the plaintiff, brought suit against the plaintiff in error, hereinafter called the defendant, for damages sustained on account of the alleged negligence of the defendant in running one of its cars into a wagon in which plaintiff's goods were being carried. There was a recovery for $515.29, no question having been raised by the defendant as to the value of the goods destroyed or damaged.

The facts, as appears from the record, would seem to be substantially as follows: The plaintiff employed one Elliott, an expressman, to remove his office fixtures, and some electrical goods from his old to his new place of business. The accident happened at the intersection of Halsted and Wayman streets. Elliott was driving east on Wayman street and across Halsted street. There is a viaduct on Halsted street about

fifty feet north of Wayman street. At the intersec-
tion both Halsted and Wayman streets are on an in-
cline, the incline on Wayman street being the steeper.
Halsted street at this point is very narrow, the dis-
tance from the nearer or the west rail of the south-
bound tracks to the curb of the street being about eight
feet. As Elliott reached the intersection, the rear
wheels of his wagon, as he testified, being on the brow
of the hill, he looked north and saw a street car on the
top of the incline, about fifty feet away, coming very
slowly down the viaduct. It would appear that the
motorman saw him at the same time, and that each
motioned to the other to stay back. The load on
Elliott's wagon weighed from 2,500 to 2,800 pounds;
it was a single wagon, and Elliott insists that because
of the incline he could not stop; he proceeded directly
across the track. He thought, so he testified, that the
motorman had the car under control "and seemed to
be setting his brakes lightly." Just as the rear wheels
of the wagon crossed the farther or east rail of the
southbound track, that being the track upon which the
car was moving, the rear wheel of the wagon was
struck by the car and the wagon overturned, resulting
in the breaking and otherwise injuring of the office
fixtures and other things in the wagon.

The contention of the defendant is that the judg-
ment should be reversed because the evidence failed
to support the claim that the defendant was negligent;
second, that the plaintiff was guilty of contributory
negligence; third, that an erroneous instruction was
given at the instance of plaintiff.

In the argument of the defendant the questions of
the alleged contributory negligence of the plaintiff and
the alleged negligence of the defendant are inter-
woven. The question of contributory negligence will
first be considered by us. Several pages of the brief
of the defendant are given up to a citation of authori-
ties upon the elementary proposition that if the plain-

Henderson v. Chicago Railways Co., 170 Ill. App. 616.

tiff is guilty of contributory negligence he may not recover. There is, so far as we have been able to discover, not a scintilla of evidence in the record tending to show that plaintiff was himself guilty of any negligence. The question to be determined, therefore, is whether the negligence of the expressman, Elliott, who had the contract for the removal of the goods for the plaintiff, is to be imputed to the plaintiff. A passenger rightfully on a public conveyance, who is injured by the mutual negligence of the servants of the company owning the conveyance, and the servants of a street railway company whose car the conveyance comes in contact with, it has been held máy recover against the street railway company. West Chicago Street R. R. Co. v. Piper, 165 Ill. 325. The negligence of a driver of an omnibus upon the highway approaching a railroad crossing, is not to be imputed to the passengers in the omnibus. Landon v. C. & G. T. Ry. Co., 92 Ill. App. 216. The negligence of a driver of a wagon is not necessarily to be imputed to a person riding with him, where such person is not, by his conduct, the cause of such negligence. West Chicago St. R. R. Co. v. Dedloff, 92 Ill. App. 547. To the same effect is Chicago City Railway Co. v. Wall, 93 Ill. App. 411. The cases last cited are based upon that of Union Ry. & T. R. Co. v. Shacklet, 119 Ill. 232. As pointed out in the opinion in Chicago City Ry. Co. v. Wall, *supra,* a contrary doctrine was at one time held in some jurisdictions, notably in England and in Pennsylvania, but now the rule is the same in England and Pennsylvania as in this state. It may therefore be regarded as well settled, both here and elsewhere, that the negligence of the driver of a vehicle is not necessarily to be imputed to a passenger in that vehicle, and where the passenger is injured by the negligence of the employes of a street railway company with whose car the vehicle comes in contact, there may be a recovery, notwithstanding the negligence of the driver.

We think it quite clear from the record that Elliott was not in the regular employment of the plaintiff, but was employed in the teaming business, and that he made the contract as a teamster to transport the articles in question. We càn see no difference in principle between the case now under consideration and those heretofore referred to. There would appear to be no reason why the negligence of a driver of a vehicle transporting freight should be imputed to the owner of the freight, than that the negligence of the driver of a vehicle carrying passengers should be imputed to the passengers. It may very well be that the plaintiff would have a right of action against Elliott for negligence in the matter, but it does not follow that he has not also a right of action against the defendant, if the defendant is guilty of negligence which was in whole or in part the cause of the accident.

We now come to consider the contention of the defendant that no negligence on the part of the motorman was shown. We think it is quite apparent from the record that the driver of the wagon and the motorman saw each other at practically the same time; that at this time either probably could have stopped and the accident have been prevented. The wagon was nearer the intersection than was the car. The driver insisted, as heretofore stated, that it was impossible for him to stop because of the incline and his heavy load. The motorman does not testify that he could not have stopped the car if he had undertaken to do so when he first saw the wagon. His testimony appears to be to the effect that he first warned the driver not to attempt to cross, and when he found that his warning was not being heeded he put on the brakes and did everything in his power to stop the car.

We think it was a question of fact to be left to the jury, whether when the motorman first saw the wagon, he should not immediately have endeavored to get the car under such complete control that he could stop

it if the driver should not stop.  The rights of a wagon and a car at a crossing are reciprocal, and it is sometimes suggested that at intersections the vehicle nearer to the intersection has the right of way.  Inasmuch as the alleged negligence of the driver may not be imputed to the owner of the property involved in this suit, the only question before the jury was as to the negligence of the Street Car Company defendant.  The jury found by its verdict that the Street Car Company defendant was negligent, and we are unable to say that the verdict was manifestly against the weight of the evidence.

Complaint is made of an instruction tendered by the plaintiff and given, the complaint being that there was nothing in the instruction which required the plaintiff to exercise ordinary care.  As heretofore observed, there is nothing in the record to indicate that the plaintiff did not exercise ordinary care.  Inasmuch, therefore, as the negligence of the driver and owner of the vehicle may not be imputed to the plaintiff, the instruction was not, in our opinion, erroneous.

The judgment will be affirmed.

*Affirmed.*