MARCUS BELDEN *et al.*

*v.*

JOHN W. WOODMANSEE.

</div>

| 81 | 25 |
| 174 | 561 |
| 81 | 25 |
| 191 | ¹73 |
| 81 | 25 |
| 193 | ⁴211 |
| 81 | 25 |
| 196 | ⁴287 |
| 81 | 25 |
| 209 | ¹ 21 |

1. LAW AND FACT—*construction of contract.* What the terms of a contract are, is a question of fact for the jury, but its meaning and legal effect is a question of law for the court. Therefore it is not proper in an instruction to submit to the jury the question of a party's rights under a contract.

2. CONTRACT—*when party has right to complete after time fixed.* If the plaintiff contracts with the defendant to shell for the latter 150,000 bushels of corn, and as much more as he can before the cold weather, and through the defendant's fault, he shells only a little over one-half of the bushels named by cold weather, the plaintiff will have the right to complete the

contract after the time fixed, if he desires, and the defendant will have no right to avail of the stipulation as to the time the work was to be done.

3. SAME—*construction.* Where a contract provides that one party shall shell 150,000 bushels of corn, and as much more as he can before cold weather, it will be held to mean that he may shell the number of bushels named at any rate, and the words "cold weather" will be understood to imply an additional amount, and the occurrence of cold weather will not authorize the employer to terminate the contract as to the 150,000 bushels when that amount is not shelled by his own act in preventing the same.

4. INSTRUCTION—*as to belief from the evidence.* Where the first part of an instruction omits the words "from the evidence," as the basis of the jury's belief, but at the conclusion of the clause it states, "and if you further believe from the evidence," it was *held* that the jury could not be misled by it and have felt authorized to act on a belief not arising from the evidence.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. WILLIAMS, McKENZIE & CALKINS, for the appellants.

Messrs. DOUGLAS & HARVEY, for the appellee.

Mr. JUSTICE SCHOLFIELD delivered the opinion of the Court:

This was an action of assumpsit, by appellee against appellants, brought on a parol contract in relation to the shelling of corn in the State of Iowa. The jury returned a verdict in favor of the plaintiff for one thousand dollars, upon which the court gave judgment, after overruling the defendants' motion for a new trial.

The evidence is not so manifestly and palpably contrary to the verdict of the jury as to warrant us in concluding that it was the result of passion, prejudice, or ignorance; and we do not perceive any substantial variance between the allegations and proofs; so that, in our opinion, unless there is error of law in the rulings of the court, the judgment can not be disturbed.

Appellants insist the court erred, both in refusing instructions asked by them, and in giving instructions asked by appellee.

The fifth instruction asked by appellee was refused by the court, and reads as follows:

"5.  Even should the jury, from the evidence, believe that after plaintiff commenced shelling defendants' corn, he was repeatedly stopped from work by defendants' orders, on account of the corn being in the sweat and so not fit to ship; and that while so stopped, defendants, either in person, or through their agents, or both, promised to pay plaintiff for such lost time, yet unless the proof further shows that, under the contract, plaintiff had a right to keep on shelling, no matter whether the corn was fit to shell or not, defendant had the right so to stop him, and any promise to pay him for loss occasioned thereby is not binding, for want of consideration, and plaintiff can not recover on it."

The court properly refused this instruction. It was not proper to submit to the jury the question of the plaintiff's *rights* under the contract. Whether *plaintiff had a right*, under the contract, to keep on shelling, etc., was a question of law to be determined by the court, from a construction of the contract. What are the terms of the contract, is a question of fact for the jury; but what the legal construction of the contract is must be determined by the court.

The third instruction, as asked by appellee, and which was refused by the court, was properly refused because of its argumentative form. Aside from this, however, the plaintiff's theory is, that the defendants were to furnish him and he was to shell 150,000 bushels of corn, and as much more as he could shell before cold weather. By reason of delays, through the defendants' fault, he had by the 6th of November only shelled 81.602 bushels, leaving 68,398 bushels of the 150,000 bushels which he was to shell at all events, unshelled. Now, if this be correct, (and there was evidence before the jury tending to support it,) it is plain, even if the contract had required that the 150,000 bushels should be shelled by a particular time, the defendants were not at liberty to say that the plaintiff should not proceed to complete his contract after the expiration of that time. Having by their own acts prevented performance within the time, it is not admissible that they shall be allowed

28      Belden *et al.* *v.* Woodmansee.     [Sept. T.

Opinion of the Court.

to avail of this stipulation in the contract. But it does not appear, by the phraseology of the instruction, that the shelling of the 150,000 bushels was absolutely required to be completed before " cold weather;" or that " cold weather " was referred to for any other purpose than indicating the quantity of corn, in addition to the 150,000 bushels, which the plaintiff was to shell; and, in that view, the occurrence of cold weather gave the defendants no right to terminate the contract for the shelling of the 150,000 bushels.

· The instructions given at the instance of the appellee, to which objection is urged, are the second, fourth, eighth and eleventh.

The objection to the second is only, in general terms, that it tells the jury they may find for appellee on proof of a breach of contract different from the one declared on. Our attention is not specifically called to the supposed difference in the contract declared on and that described in the instruction; and we do not perceive that there is any substantial difference between them.

The objection to the fourth is, that it tells the jury that if they believe certain matters they may find on their belief, and does not restrict them to what they " believe from the evidence."

In the first part of the instruction the words, " from the evidence," after the words " if you believe," are omitted, but at the conclusion of that clause these words occur, " and if you further believe, from the evidence," showing that the omission must have been accidental; and so, we think, the jury would have understood it. We do not think the jury, on reading the whole instruction, could have been misled by it, and have felt authorized to act upon a belief not arising from the evidence.

The objections to the eighth and eleventh are frivolous. We think these instructions substantially correct in form, and the principles they announce have been repeatedly sanctioned by this court.

We see no substantial error in the record, and the judgment is affirmed.                *Judgment affirmed.*