Chicago and Eastern Illinois Railroad Company

*v.*

Mary E. Mochell.

*Opinion filed December 18, 1901.*

1. Negligence—*passenger on street car injured by collision with railroad train is not chargeable with contributory negligence.* A passenger lawfully upon a street car is not chargeable with contributory negligence in the event of an injury caused by a collision with a railroad train at a grade crossing.

2. Same—*effect of combined negligence of a railway and a street car company.* In case of a grade-crossing accident, where a railroad train running at a prohibited speed collides with a street car which has run through the crossing gates, a verdict in favor of an injured street car passenger against the railroad company will stand, on appeal, if the evidence justifies the jury in finding the injury resulted from the combined negligence of the servants of the two companies.

3. Same—*running train through city at prohibited speed is negligence.* Under the statute against running trains through the incorporated limits of a city, town or village at a greater speed than is permitted by ordinance, it is not error to instruct the jury that the running of a train through a city in excess of the speed authorized by ordinance is negligence as a matter of law.

4. Instructions—*when omission of words "from the evidence" is not error.* The omission of the words "from the evidence" after the words "if you believe" is not error, where, in other parts of the same instruction or in other instructions, it clearly appears that the jury were informed that their belief must be founded upon the preponderance of the evidence.

Wilkin, C. J., dissenting.

*C. & E. I. R. R. Co.* v. *Mochell,* 96 Ill. App. 178, affirmed.

Appeal from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Jesse Holdom, Judge, presiding.

W. H. Lyford, and S. A. Lynde, (Albert M. Cross, of counsel,) for appellant.

Edgar Bronson Tolman, for appellee.

Mr. Justice Hand delivered the opinion of the court:

This is an action brought by the appellee in the superior court of Cook county against the Calumet Electric Railway Company and the Chicago and Eastern Illinois Railroad Company, jointly, to recover for a personal injury. The jury returned a verdict of $15,000 against the defendants, upon which judgment was rendered. The Chicago and Eastern Illinois Railroad Company perfected an appeal from such judgment to the Appellate Court for the First District, in which court the appellee filed a *remittitur* of $5000 and the judgment was affirmed, and a further appeal has been prosecuted to this court.

The appellee, on the 25th day of February, 1897, was a passenger on a car of the Calumet Electric Railway Company, the tracks of which run east and west and cross at right angles the right of way of appellant at One Hundred and Third street, in the city of Chicago. The car in which appellee was riding approached the crossing from the east. When it was about a block and a half away appellant's flagman lowered the gates at One Hundred and Third street on account of the approach of a freight train from the south and a passenger train from the north. The passenger train blew a whistle and the flagman rang the bell. The electric car, however, kept on its way, crashed through the gates, ran upon the appellant's track, was struck by the passenger engine and broken into pieces, the motorman and conductor thereon, who were drunk, were both killed, and the appellee was severely injured.

The negligence charged against appellant is the running of its passenger train at an excessive and prohibited rate of speed. The appellee's evidence tended to show that the passenger train was running at the rate of from fifty to sixty miles and the electric car at the rate of from ten to fifteen miles per hour at the time of the collision, and that the electric car was about thirty and

193—14

the engine about one hundred feet from the crossing when the electric car crashed through the gates.

It is first contended by appellant that the alleged negligence of appellant was not the proximate cause of the injury. That question was one of fact for the jury; (*Fent* v. *Toledo, Peoria and Warsaw Railway Co.* 59 Ill. 349; *Pullman Palace Car Co.* v. *Laack*, 143 id. 242; *Chicago and Eastern Illinois Railroad Co.* v. *Hines*, 183 id. 482;) and the jury having found such fact in favor of the appellee,— which finding has been approved by the Appellate Court, —the appellant is concluded by the judgment of the Appellate Court if there is sufficient evidence in the record upon which to base such finding. The appellee was lawfully upon the electric car, and contributory negligence cannot be imputed to her. The evidence was sufficient to justify the jury in finding that the injury was the result of the joint negligence of the servants of the street railway company and of appellant; (*West Chicago Street Railroad Co.* v. *Piper*, 165 Ill. 325; *Wabash, St. Louis and Pacific Railway Co.* v. *Shacklet*, 105 id. 364;) or, regardless of the negligence of the street railway company, that the car in which the appellee was riding would have passed safely over the track of appellant had its train not been running at a prohibited rate of speed. Furthermore, the street car upon which appellee was a passenger was completely demolished. The jury were justified in finding that had appellant's train only been running at the permitted rate of ten miles, instead of at the prohibited rate of fifty or sixty miles per hour, it might have been stopped, or substantially stopped, before it struck the electric car, as at the time the electric car crashed through the gate it was seen by the fireman upon the engine. The engine at that time was about one hundred feet north of the crossing.

It is further contended that the court misdirected the jury as to the law on behalf of the appellee,—first, in instructing the jury that running its train in excess of the

speed authorized by ordinance is negligence as matter of law; and secondly, in omitting from the eighth instruction the qualification that their finding must be based upon the evidence. The statute provides, that "whenever any railroad corporation shall by itself or agents, run any train, locomotive engine, or car, at a greater rate of speed in or through the incorporated limits of any city, town or village, than is permitted by any ordinance of such city, town or village, such corporation shall be liable to the person aggrieved for all damages done the person or property by such train, locomotive engine or car, and the same shall be presumed to have been done by the negligence of said corporation or their agents." (Hurd's Stat. 1899, chap. 114, par. 87, p. 1332.) In *Terre Haute and Indianapolis Railroad Co.* v. *Voelker*, 129 Ill. 540, on page 555 it is said: "It is insisted that * * * the court * * * committed an error in giving to the jury the plaintiff's third instruction, which held, in substance, that if the defendant omitted to perform its statutory duty in relation to ringing a bell or sounding a whistle on its engine, such conduct constituted a *prima facie* case of negligence. We are unable to concur with counsel in this view. A statute commanding an act to be done creates an absolute duty to perform such act, and the duty of performance does not depend upon and is not controlled by surrounding circumstances. Non-performance of such statutory duty, resulting in injury to another, may therefore be pronounced to be negligence as a conclusion of law;" and the omission from an instruction of the words "from the evidence," after the words "if you believe," is not erroneous, where in other parts of the same instruction, or in other instructions, it clearly appears that the jury were instructed that their belief must be founded upon the preponderance of the evidence. (*Belden* v. *Woodmansee*, 81 Ill. 25; *Cunningham* v. *Stein*, 109 id. 375; *Decatur Cereal Mill Co.* v. *Gogerty*, 180 id. 197.) A violation of the ordinance as to the rate of speed having

been clearly shown, and as the instructions, as a whole, require the finding of the jury to be based upon the evidence, we think the instructions complained of are substantially correct.

It is contended that certain remarks of appellee's attorney in argument to the jury were objectionable. The evidence upon which he was commenting had gone to the jury without objection and was therefore properly in the record, and the action of the court in permitting counsel to call the attention of the jury to such evidence does not, in our judgment, constitute reversible error.

The judgment will be affirmed.

*Judgment affirmed.*

Mr. CHIEF JUSTICE WILKIN, dissenting.