## Chicago, Rock Island & Pacific Ry. Co. v. Pearl Keely, Adm'x, etc.

1. INSTRUCTIONS—*Harmless Error.*—An instruction to the jury that they might disregard the evidence of any witness, if they believe that the witness had sworn falsely, without also instructing them that they must also believe from the evidence that the witness had sworn falsely, is not ground for reversal, where they were repeatedly instructed that

all their conclusions of fact must be arrived at from a preponderance of the evidence.

2. DUE CARE—*Absence of Eye Witnesses.*—In suits brought to recover damages for death by accident, the plaintiff is not bound to show, by direct evidence, that the deceased was free from negligence, and where there are no eye witnesses to the killing, the fact that the deceased exercised ordinary care for his own safety at the time of the injury may be shown by circumstantial evidence, or proof of facts and circumstances from which that fact may be reasonably inferred, including the natural instinct of self-preservation.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Rock Island County; the Hon. WILLIAM H. GEST, Judge presiding. Heard in this court at the April term, 1902. Affirmed. Mr. Justice HIGBEE, dissenting. Opinion filed July 18, 1902.

JACKSON & HURST, attorneys for appellant.

WOOD & PEEK, attorneys for appellee.

MR. PRESIDING JUSTICE BROWN delivered the opinion of the court.

This case is before us a second time. Proceedings upon the former hearing are reported in C., R. I. & P. Ry. Co. v. Keely, 87 Ill. App. 346. The second trial resulted in a judgment for $5,000, from which the present appeal is prosecuted. The suit is by the administratrix to recover damages for the death of Henry Keely, who is alleged to have been killed by a freight train of appellant upon Thirteenth street, in Moline, Illinois, September 25, 1897. There were four counts in the declaration. The first count charges negligence in running the train at a rate of speed forbidden by an ordinance of the city of Moline. The second charges general carelessness and negligence in running the train. The court instructed the jury to find the appellant not guilty under the third and fourth counts. A trial was had upon the first two counts above specified.

The evidence warrants the conclusion that the train was running at a rate of speed prohibited by the ordinance declared upon in the first count of the declaration, and also authorized the jury in finding that the deceased was upon Thirteenth street when he was struck by the train. The

evidence tending to show that deceased was outside of the line of the street on the company's right of way when he was struck by the train is decidedly weaker than when the case was here before, and there is additional evidence warranting the conclusion that he was on the street when struck. The evidence also shows that the gates were up when deceased attempted to cross the tracks. The appellant asked the court to submit five special findings as follows:

1.  Q.  Does the evidence in this case prove that Henry Keely came to his death by attempting to get onto defendant's freight train when it was passing through defendant's railroad yard between Twelfth and Thirteenth streets in Moline?

2.  Q.  Does the evidence in this case prove that Henry Keely came to his death by being struck by defendant's train while standing near the freight train when it was passing across Thirteenth street?

3.  Q.  Does the evidence in this case prove that Henry Keely came to his death by attempting to get on defendant's freight train when the train was passing across Thirteenth street?

4.  Q.  Has it been proved by a preponderance of the evidence that the deceased, Henry Keely, was killed by defendant's freight train when he, Keely, was crossing Thirteenth street over defendant's east-bound track?

5.  Q.  Has it been proved by a preponderance of the evidence that at the time Keely was killed he was exercising due care for his own safety—that is, such care as an ordinarily prudent man would exercise under like circumstances?

The court refused the first, second and third of these findings and gave the fourth and fifth, which were both answered in the affirmative. The refusal to give the first three is assigned for error. We hold they were properly refused. All the information called for by the first was contained in the answer to the fourth. The answer that he was crossing on Thirteenth street when killed was

equivalent to saying that he was not in the yards of the appellant, between Twelfth and Thirteenth streets, attempting to get on the train at that place when he came to his death. The second refused does not call for an ultimate fact. It is but evidentiary. The two ultimate facts are negligence on the part of the appellant and due care on the part of the deceased. The answer called for by this interrogatory would not have determined either of these issues. The third refused is also answered by the fourth. The answer that he was crossing on Thirteenth street when he was killed is equivalent to saying that he was not then attempting to get on the train. Moreover, the finding that he was exercising due care for his own safety is an answer to this inquiry.

It is also urged that the judgment of the Circuit Court must be reversed because appellee's fourth instruction omitted the words "from the evidence." The words omitted should have been contained in the instruction.

The court instructed the jury, at the instance of the appellant, that they had no right to conclude any fact as proved against the defendant unless the jury could say the preponderance of the evidence sustained the conclusion. The jury were repeatedly instructed that all their conclusions of fact must be arrived at from a preponderance of the evidence. We are of the opinion that the words omitted could not have misled the jury nor prejudiced the rights of appellant. Their omission was not reversible error. C. & E. I. R. R. Co. v. Mochell, 193 Ill. 208.

It is also urged that the deceased was not in the exercise of due care for his own safety at the time of the accident. It is contended that as no one saw him at the instant he was struck by the train there is no evidence to sustain the allegation that he was then and there in the exercise of due care for his own safety. It is true there was no eye witness to the accident. None was necessary. There was evidence in the record tending to show the age and condition in life of the decedent; his general constitution, habits and surroundings; that he was lawfully at the place of the

accident; that he was not intoxicated at the time and in full possession of his faculties and that appellant was guilty of actionable negligence.  In such a case the plaintiff is not bound to show, by direct evidence, that the deceased was free from negligence; and where there is no eye witness to the killing, the fact that the deceased exercised ordinary care for his own safety at the time of the injury may be shown by circumstantial evidence, or proof of facts and circumstances from which that fact may be reasonably inferred, including the natural instinct of self-preservation.   I. C. R. R. Co. v. Nowicki, 148 Ill. 29; I. C. R. R. Co. v. Cozby, 174 Ill. 109; Dellemand v. Saalfeldt, 175 Ill. 310.

The jury found by their general verdict and in answer to the fifth special finding that the deceased was exercising due care for his own safety at the time of the accident.  We think both findings were warranted by the evidence.

It is also urged that the court erred in not instructing the jury that the limit of recovery was $5,000.  We see no merit in this contention.  If appellant desired such an instruction it should have asked the court to give it.  The damages are not excessive.

Finding the record free from error the judgment of the Circuit Court will be affirmed.

HIGBEE, J., dissenting:

When this cause was before us the first time we expressed the opinion the proofs did not show that, at the time he was injured, deceased was in the exercise of ordinary care for his own safety.  In my opinion the evidence upon the second trial was substantially the same as at the first.  I therefore find no reason from departing from the views expressed concerning the facts in the former opinion, and think the judgment should be reversed.