111    305
a208s 456

# Chicago & Alton Railway Co. v. Floyd J. Pulliam, by his next friend.

1. EXCESSIVE SPEED—*when negligence.* A railroad company which runs a train through a municipality at a greater rate of speed than that authorized by ordinance thereof, is guilty of negligence.

2. RINGING OF BELL—*what tends to show there was not.* The testimony of persons who, at the time of the accident, were in close proximity to the train, to the effect that they heard no bell ringing, is evidence tending to prove that no bell was, in fact, rung.

3. CONTRIBUTORY NEGLIGENCE—*when, does not appear as a matter of law.* In determining whether one who has been injured through the failure of a railroad company to observe municipal ordinance regulations,

was guilty of contributory negligence, it must be considered that such a person had a right to rely upon such company's observing the regulations in question.

4. CONTRIBUTORY NEGLIGENCE—*when failure to look is not.* A failure to look up and down a track for an approaching train is not necessarily contributory negligence *per se;* such a failure may be excused by the particular circumstances of the case.

5. VERDICT—*when not excessive.* A verdict of $1,500, held, not so excessive as to justify a reversal or a reduction where the evidence tended to show a lacerated wound, two inches deep and from seven to eight inches long, on the under side of the upper part of the leg, a confinement to bed for about a month, a suffering of pain for, at least, a year afterwards, impairment of the use of such leg and the likelihood of permanent injury to the sciatic nerve of the same.

Action on the case for personal injuries. Appeal from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding. Heard in this court at the May term, 1903. Affirmed. Opinion filed October 12, 1903.

PATTON & PATTON, for appellant; WILLIAM BROWN, of counsel.

ROBERT H. PATTON, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

This is an appeal from a judgment of the Circuit Court of Sangamon County, for $1,500, rendered upon a verdict in an action on the case for personal injuries, sustained by appellee, on February 5, 1902, at a highway crossing in the village of Auburn.

The declaration consists of four counts : the first charges common law negligence in the management of the train; the second charges a failure to comply with the statutory duty to ring a bell or blow a whistle eighty rods from the crossing; the third charges a violation of an ordinance of the village of Auburn, limiting the speed of passenger trains to twenty miles an hour; and the fourth count charges wilful negligence. The jury were instructed by the court to disregard the fourth count, so it may be eliminated in the consideration of the case. There have been two trials of this case, the first resulting in a verdict for appellee for $1,000, upon which a new trial was awarded.

The appellee, at the time of the injury, was eighteen years of age, well developed and weighed about 200 pounds. He had been employed for several days prior to his injury, in hauling ice from a car on a side track of appellant west of its main track, to an ice-house, which was on the other side of appellant's main track and about eighty rods southeasterly from the highway on which he was struck. The railroad runs northeasterly and southwesterly through the village of Auburn, and is paralleled by a public highway on its easterly side. Between the highway and the main track of appellant are three or four side tracks and the track of the Pawnee railroad. The street on which the accident occurred is Monroe street, and runs east and west, and the first street north thereof is Madison street. The car of ice was midway between those two streets. The depot of appellant is located east of its main track, and between that track and the track of the Pawnee railroad, and about 150 feet north of Madison street. To the south of Madison street, the main track of appellant curves slightly toward the east, placing the depot in the concavity of the curve. Appellee had made a trip with a loaded wagon from the car to the ice house and was returning with his empty wagon, going northeasterly on the highway parallel with the tracks, and on reaching Monroe street drove west on that street across the track of the Pawnee railroad, then across three or four side tracks and the main track of appellant. He had driven on a trot to Monroe street and then slowed down to a walk and so crossed the track. It was about four or five o'clock in the afternoon of a cold day, the ground being frozen hard. There were cars standing on the Pawnee track, which, together with the depot of appellant, obstructed the view of an approaching train northward on the main track of appellant. While going north on the highway toward Monroe street, the evidence tends to show that a train could be seen on appellant's main track for a distance of half a mile. Appellee testified that after crossing the Pawnee track he looked south and then north, and as his team was on the main track of ap-

pellant, he heard a short whistle and saw the train approaching about 200 feet distant; that he sprang to the forward end of the wagon and slapped the horses with the lines, but before he could clear the crossing, was struck by the train; that he heard no whistle sound or bell ring, other than the short whistle referred to. The evidence further tends to show, that appellee had on a cap covering or partially covering his ears; that the train of appellant, a limited passenger train, was traveling at a speed of from forty to sixty miles an hour.

At the close of appellee's evidence, appellant moved the court to instruct the jury to find it not guilty, which instruction was refused by the court and this ruling is assigned as error. Appellant was guilty of negligence in running its train at a rate of speed prohibited by the village ordinance. C. & E. I. R. R. Co. v. Mochell, 193 Ill. 208. Contrary to the contention of counsel for appellant, there is some evidence in the record tending to show that the bell did not ring continuously. Several witnesses for appellee testified that they heard no bell ring, and of these some were in the proximity of the Monroe street crossing and were first made aware of the approach of the train by hearing its "rumbling" or the short whistle, immediately before appellee was struck. In this state of the evidence, it would have been error for the court to have given the peremptory instruction asked. Again at the close of all the evidence, appellant asked that the same instruction be given and it was refused by the court.

There is no material controversy in the evidence, bearing upon the issues of appellant's negligence or appellee's want of ordinary care, save as to the ringing of the bell, continuously. The bell may have been ringing, and the weight of the evidence tends to show it was, as claimed by appellant, and yet the appellee have been in the exercise of ordinary care for his safety at and immediately prior to the time of the accident. Appellee had a right to rely upon the performance of the duty imposed by ordinance on appellant to not run its train faster than twenty miles an hour

in the village.  B. & O. S. W. Ry. Co. v. Then, 159 Ill. 535.
It is apparent from the evidence that if appellant had com-
plied with the ordinance, appellee would have crossed the
track in safety.    That there were obstructions to appellee's
view of the track northward, is conceded.    He was riding
in a lumber wagon over a frozen road and he testifies the
noise made by the wagon was considerable and may have
prevented his hearing the train sooner than he would other-
wise have done.    He had a cap pulled over his ears.    He
did not look to the north continuously, while approaching
and crossing the tracks.    The doing or failing to do any of
these things, under the circumstances disclosed by the evi-
dence in this case, do not make him guilty of contributory
negligence as a matter of law.    L. N. A. & C. Ry. Co. v.
Patchen, 167 Ill. 204.    Whether appellee was guilty of con-
tributory negligence was, under the evidence, a question for
the jury, and we are not disposed to disturb their finding
on that point.

Counsel for appellant insist that the verdict of the jury
is excessive in amount.    Appellee, as the result of the acci-
dent, sustained a lacerated wound two inches deep and from
seven to eight inches long on the under side of the upper
part of the leg.    He was confined to his bed about a month
and suffered pain in the limb and in his side up to the time
of the second trial, about a year after the injury.    He could
not perform sustained labor, involving the use of his limbs
or stooping over, without inducing pain and sleeplessness at
night.    He has plowed some with a riding plow; tried a
walking plow but could not stand it; helped at threshing
about an hour; shucked corn standing, and helped at farm
work generally.    The scarred wound was exhibited to the
jury and it was claimed that the sciatic nerve was perma-
nently affected.    The evidence of the physician who at-
tended appellee renders it doubtful whether there is any
injury to the sciatic nerve, but the fact remains that he has
suffered pain in the region of the wound since it was re-
ceived.

We should have been better satisfied had the verdict and

judgment been for a less amount, but do not feel at liberty, under the evidence, to discount the finding of the jury and trial court as to the damages.

There is no error in instructions and the judgment is affirmed.

*Affirmed.*