### Chicago, Milwaukee & St. Paul Railway Company v. Thomas F. Houren.

#### Gen. No. 13,720.

1. MUNICIPAL COURT—*when bill of particulars sufficient.* A bill of particulars furnished pursuant to the Municipal Court Act filed in an action of tort which clearly and sufficiently advises the defendant of the nature of the action he is called upon to defend, is sufficient to admit the introduction of ordinances notwithstanding the same are not referred to in such bill of particulars.

2. NEGLIGENCE—*what constitutes, resulting in communication of fire.* A railroad company is liable for loss resulting from fire where it appears that its freight cars blocked a street crossing and thus prevented the fire department from availing of the opportunity to prevent the spread of fire to the plaintiff's property.

Tort. Error to the Municipal Court of Chicago; the Hon. JOHN W. HOUSTON, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed March 6, 1908.

**Statement by the Court.** This is a suit brought by defendant. in error—hereinafter called plaintiff—to recover from the Chicago, Milwaukee & St. Paul Railway Company for the destruction by fire of a building belonging to plaintiff located near the corner of 63rd avenue and Bloomingdale avenue, Chicago, the loss of which building it is claimed was caused by reason of the negligence of the defendant railway company.

The plaintiff's cottage was burned the early morning of October 3, 1906, when a fire broke out in a cottage adjoining that belonging to plaintiff. It appears that an alarm was given to the fire department about 1:50 A. M. and a fire engine, hose cart and appurtenances were at once sent to the place. In going there the firemen with their apparatus pro-

ceeded down Grand avenue to 63rd avenue. Grand avenue is a paved street, and although not the most direct route, was apparently the route by which the place of the fire could ordinarily be reached most quickly. Turning down 63rd avenue the firemen with their apparatus came to the tracks of the defendant railway company. The place of the fire was about two blocks south of the railway tracks. When the firemen with their appliances reached the railway tracks, the street was blocked by a line of cars, some sixty in number, extending along the tracks in both directions from the 63rd avenue crossing. To these cars no engine was attached. There is evidence tending to show that they were coupled together and that the brakes were set, thus forming an impassable barrier which stopped all passage over 63rd avenue and 64th avenue, and perhaps other streets as well. There is evidence tending to show that the horses of the fire department drawing the fire engine and other appliances had run not far from three and a quarter miles when they reached this railroad crossing and were nearly tired out, or as one witness expressed it, "were about all in." It appears also from the evidence that in order to get around the obstructing cars and cross the tracks the firemen would have been compelled to go as far east as 56th street and having crossed at that point to come back about the same distance to reach the fire. It is said that the firemen expected every moment the cars would be pulled out of the way and that they waited at least thirty minutes before this was done, meanwhile exerting themselves to get an engine from the defendant railway company to open the way for them across the tracks. There is evidence tending to show this was not done until about twenty-two minutes before three o'clock in the morning, and that the plaintiff's cottage did not catch fire until about 2:30 or 2:35 A. M. Meanwhile the cottage next adjoining plaintiff's had been burning, as there is evidence tending to show, from forty to forty-five minutes after it was first discovered to be on fire. During the intervening time from about ten minutes after 2 o'clock A. M. until about twenty minutes of 3 o'clock the apparatus of the

fire department was kept waiting at the crossing about two blocks away. It appears undisputed that there was a hydrant furnishing an ample supply of water near the burning cottages. There is testimony tending to show that after the blockading cars were removed the firemen reached the fire in about two minutes. It was then too late to save plaintiff's cottage and it was consumed. There is evidence tending to show the fire started in a cottage adjoining plaintiff's upon the side furthest removed from plaintiff's cottage, thus taking some time to burn through far enough to set fire to the latter. It was first discovered about 1:37 A. M. and the alarm reached the engine house about thirteen minutes thereafter.

John A. Russell, for plaintiff in error.

Bates, Harding & Atkins, for defendant in error.

Mr. Justice Freeman delivered the opinion of the court.

It is stated in behalf of the defendant railway company that one of the principal questions in the case is, "Was any negligent act, either of omission or commission, on the part of the defendant company as shown by the evidence in this case, the proximate cause of any loss or damage which plaintiff may have sustained?" It is first urged that in the plaintiff's bill of particulars which under the Municipal Court Act stands as his pleading in the cause, there is no allegation that defendant was guilty of a breach of any duty raised by statutes of the state or the ordinances of the city of Chicago, and that it was therefore error to set out in the instructions given for plaintiff two ordinances of the city of Chicago and the state statute in relation to blocking crossings. In support of this contention it is said the effect of the bill of particulars is to limit recovery to the grounds and amount specified therein. The bill of particulars set out with considerable fullness the facts upon which the plaintiff bases his claim to recover. The Municipal Court Act (section 40) requires the bill of particulars in a suit for tort to consist of a

brief statement of the nature of the tort and such further facts as will reasonably inform the defendant of the nature of the case; but it is expressly provided that the bill of particulars in an action for tort shall not be required to set forth the cause of action with the particularity required in a declaration at common law. The bill in this case states in substance that plaintiff's claim is for loss and damage by fire sustained through no fault of his, "but by reason of the negligence of the defendant in blocking and closing the crossing at 63rd avenue," by leaving thereon a train of its cars whereby the fire department was detained, and that meanwhile the fire in an adjacent building was communicated to plaintiff's cottage, which would not have occurred except for the detention of the fire department. We think the bill of particulars clearly and sufficiently advised the defendant of the nature of the case it was called upon to defend. It was not necessary to set forth in the bill of particulars the statute of the state, nor under the Municipal Court Act the ordinances of the city applicable. That Act provides that said court "shall take judicial notice of all general ordinances of the city of Chicago." The instructions complained of which referred to the statute and ordinances are not therefore, in our opinion, open to objection on that account. C. & A. R. R. Co. v. Dillon, 123 Ill., 571–579; People v. Hydraulic Co., 115 Ill., 281–288.

It is urged further that "no act shown by the evidence to have been committed by the defendant, either of omission or commission, was the proximate cause of the damage sustained by the plaintiff." It is not claimed that the defendant was in any manner connected with or responsible for the origin of the fire in the house where it first started. There is, however, evidence tending to show that the blocking of the highway at the street crossing by defendant's freight cars was the proximate cause of the fire being communicated to plaintiff's cottage, that the fire department if not so detained would have had an opportunity and have been able to extinguish the fire in the place of its origin before it was extended to plaintiff's cottage, and that it was delayed until

too late to save the latter cottage from destruction. There was, according to the evidence, a direct connection between the detention of the fire department and the setting fire to the plaintiff's cottage; as direct as if the defendant had, at the moment when the fire department was about to pour a flood of water on the original fire, interposed by superior force directly applied to prevent this being done until too late to save the plaintiff's cottage. The consequences which, according to the undisputed evidence, followed from the obstruction of the street crossing by defendant's trains were, we think, such as "a prudent and experienced man fully acquainted with all the circumstances which in fact existed would at the time of the negligent and unlawful act have thought reasonably to follow if they had occurred to his mind." Wabash Ry. Co. v. Coker, 81 Ill. App., 661. For the consequences of such negligent and unlawful act the person guilty of it should be held responsible, as we said in McRae v. Hill (No. 12,390, not reported). Nor do we concur in the contention that the negligent and unlawful act of obstructing the crossing with which defendant is charged merely "happened to concur with something extraordinary and unforeseen." We are of opinion that defendant was bound to foresee any of the consequences which might reasonably result from its unlawful obstruction of the public highway in violation of the statute and ordinances applicable, and one of these consequences was clearly, we think, the possibility of obstructing the passage of the fire department along the street on its way to a fire. Certainly in a great city such a contingency was by no means an unusual or extraordinary event, nor was it one that could not be reasonably anticipated and foreseen. L. R. T. & Electric Co. v. McCaskill, 70 L. R. A., 680 (Ark.); Kiernan v. Met. Con. Co., 170 Mass., 378–379, are, we think, in point.

Both the statute and the ordinances of the city prohibit the obstruction of a public highway by a railroad company for any such length of time as in this case shown by evidence not disputed. In C. & E. I. R. R. Co. v. Mochell, 193 Ill., 208–210, it is said that "A statute commanding an act

to be done creates an absolute duty to perform such act, and the duty of performance does not depend upon and is not controlled by surrounding circumstances. Non-performance of such statutory duty resulting in injury to another may therefore be pronounced to be negligence as a conclusion of law." See also C. & E. I. R. R. Co. v. Goyette, 133 Ill., 21–28.

The objections urged to the refusal of two instructions requested in behalf of the defendant are not, we think, well taken, for reasons above stated.

Finding no error in the record the judgment will be affirmed.

*Affirmed.*